HENRY TRUITT

*v.*

GEORGE O. GRIFFIN.

1. PLACITA—*transcript of record.* Where the *placita* appeared, not at the beginning of the transcript, but in the latter part, but precedes the final judgment in the case, it was held that the law was complied with requiring that the judgment must appear to have been rendered by a court regularly organized.

2. GARNISHEE SUMMONS—*service.* Where the return of the sheriff failed to show that he was unable to find property to satisfy a writ of attachment, but was regularly served on a number of garnishees: *Held,* that whilst it would have been more regular to have returned *nulla bona,* and although the garnishees might have quashed the return, if not amended,

the court, nevertheless, acquired jurisdiction, and the irregularity is waived by answering interrogatories. A levy on property, or service of a garnishee, is necessary to confer jurisdiction in a suit by attachment.

3. GARNISHEE—*answer as evidence.* The sworn answer of a garnishee must be taken as true until overcome by evidence.

4. ANSWER—*replication.* A paper filed for a replication, but which fails to traverse the truth of an answer, or any part of it, is not a replication, puts nothing in issue, and the answer must be taken to be true.

5. PLEADINGS—*certainty.* Pleadings must be certain, and if not, from omission of essential portions, the court can not supply such parts.

6. TRUSTEE—*statute of frauds.* A party may convey property to a trustee with power to defend it from litigation, and to raise funds to defend the grantor against a criminal charge, or to procure bail, and it will be, if made in good faith, valid against creditors and others not having prior liens. But a further trust that it should also be held in trust for the support of the grantor and his family, is within the statute of frauds, and is void to that extent; and where the trustee had incurred liabilities for the defense of the grantor equal to the fund in his hands, he would be entitled to hold it as against all but persons having prior liens.

APPEAL from the Circuit Court of Peoria county; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

Messrs. O'BRIEN & HARMON, and Mr. H. W. WELLS, for the appellant.

Messrs. McCULLOCH & RICE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of debt, brought by appellee, in the Peoria circuit court, against Cincinnatus Bradley, in which a writ of attachment was sued out and delivered to the sheriff. The writ was returned with this indorsement by the sheriff: "I have served this writ on the within named Henry Truitt, John W. Fuller and Truitt, Mathews & Co., bank of Chillicothe, as garnishees, this 8th day of June, 1870." Bradley filed a plea of *nul tiel* record.

Interrogatories were propounded to the garnishees, and appellant answered denying that he is liable as garnishee, but

admitted that he held a large amount of United States bonds in trust for Bradley and family; that Bradley had previously conveyed to him real estate in Peoria county in trust to defend certain suits, to defray the expenses of defending Bradley on an indictment for shooting one Evans, in the courts of the State of Indiana, and to support Bradley and family; that he had sold the property and converted it into government bonds; that the prosecution was still pending, and that respondent was liable to pay the costs of defending Bradley to an amount equal to the fund in his hands.

Appellee filed what is called a replication to appellant's answer, and it is this:

"And now comes the said plaintiff by D. McCulloch, his attorney, and for replication to the answer of Henry Truitt, says the matters and things therein contained, are wholly except in so far as the said respondent charges himself with the proceeds of the lands of the said defendant Bradley, and the said plaintiff sets up and relies upon the statute of frauds and perjuries now in force in the State of Illinois, as a complete answer to the allegation of trusts and equitable interests set up in said answer."

A trial was had by the court, by consent, and the court found for appellee, and rendered a judgment against appellant for $648.89; and that branch of the case is brought to this court, and various errors are assigned on the record. No exceptions are pointed out in argument against the judgment rendered against Bradley, and it must be affirmed.

It is first urged that the record shows no *placita*. Whilst the transcript in this case, either from want of skill or sheer negligence, is bunglingly prepared by the clerk, we do find a convening order on the 38th page of the record. This precedes the judgment against appellant, and as it shows a full organization of the court, it must be held good.

It is next said, the service is not sufficient to give the court jurisdiction of the garnishees. It is insisted that the sheriff, for aught that appears, might have found property upon which

to levy sufficient to have satisfied the debt; and that, under section 12, chap. 9, R. S., he was not authorized to summons garnishees, unless he was unable to find property of that value. The language of the statute is, "When the sheriff shall be unable to find property of any defendant in attachment sufficient to satisfy any attachment issued under the provisions of this chapter, he is hereby required to summons all persons within his county whom the creditor shall designate as having any property, effects or choses in action in their possession or power belonging to the defendant," etc. This section contemplates that the sheriff shall first seize property, if it can be found, and he is so commanded by the writ; and it is true that it would be more regular for the sheriff to return that he had been unable to find property; and failing to do so, the garnishee might, no doubt, quash the return on motion for want of such an indorsement, if the sheriff should not amend on leave granted. But it is not a jurisdictional question. If the garnishee fails to move to quash the return, and submits to the jurisdiction of the court, he must be considered as waiving the objection. The case of *Chanute* v. *Martin*, 25 Ill. 63, was under the 38th section of the statute regulating judgments and executions, and is not an authority for holding that the court fails to obtain jurisdiction for the want of such a return.

The case of *Martin* v. *Dryden*, 1 Gilm. 187, is referred to as an authority in favor of the objection urged by appellant. We fail to perceive that it supports the position. It is there said that the court fails to acquire jurisdiction unless there is a levy on property, or service on a garnishee; that mere publication of notice does not confer it. It is further said that if the property should be replevied, and on a trial of the right of property, it should be found to belong to the claimant, the court would not have power to proceed to judgment unless there is service of garnishee process; and if the property was found not to be the defendant's, and the person served as a garnishee was found not to be indebted to, or had no property or effects of, the defendant in attachment, the court would not

have power to proceed further in the case, unless the defendant had appeared and pleaded to the action. So far from supporting the position taken by appellant, that case, if it has any bearing on this, is against it.

Appellant next insists that the answer, until overcome by evidence, must be taken to be true, and in this case it fails to show any grounds to charge appellant.

In the case of *Rankin* v. *Simonds*, 27 Ill. 352, it was held that the answer, when not traversed, must be taken to be true. If, then, this answer was not traversed, it must be regarded as true, and as proving all it alleges. Was it traversed? On being examined, it will be observed that the replication denies no allegation in the answer. It may be there was, by inadvertence, an omission to insert a denial of the allegations of the answer. We have no doubt that there was an omission, but we can not, upon mere conjecture, undertake to supply it. For aught we know, the pleader may have intended to say that the answer was wholly insufficient in law to constitute a defense, or that it was wholly irresponsive to the interrogatories propounded. All pleadings must be sufficient in and of themselves, without leaving it to conjecture to say what was intended. We are clearly of opinion that this pleading formed no traverse to the answer, and it must be considered as true.

The answer standing as true, does it constitute a defense? We think it does. There can be no doubt that the owner of property may convey it in trust for the purpose of raising funds to defend it against pending litigation, and to raise funds to defend himself against a criminal charge, or to procure bail in such a case, provided it is made in good faith and before other liens have attached. But the trust for the use of Bradley and family can not be sustained, as that is prohibited by the statute of frauds; and this trust deed to that extent was voidable by Bradley's creditors. But appellant, in his answer, states that he has incurred liability in Bradley's defense to the full extent of the funds in his hands. The fact is, then, admitted that appellant has, under the deed of trust, rendered

himself liable for all the funds in his hands. Until overcome, or it be shown that the deed of trust was made to defraud creditors, the answer must be held to constitute a defense, and the court erred in rendering a judgment against the garnishee, and that judgment is reversed and the cause remanded.

*Judgment reversed.*