LEANDER CHOATE

v.

EMILY BLACKFORD ET AL.

*Attachment—Answer of Garnishee—Burden of Proof—Evidence.*

1. The burden is on the plaintiff in an attachment proceeding to dis-
prove the statements contained in the answer of a garnishee under oath.

2. In the case presented the evidence contained in the record does not
sustain the verdict against the garnishee.

[Opinion filed June 13, 1888.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Suit was commenced by attachment, by appellee, to recover against one Charles H. Choate, for certain rent claimed to be due from him. Appellant and others were summoned as garnishees, and interrogatories filed.

In addition to the usual interrogatories to garnishee, appellant was required to answer the following: "Has said Charles H. Choate, during two years last past, transferred, assigned, executed or delivered to you, or to any person for you, any property, money, credits or effects, or any mortgage, trust deed, bill of sale, deed, promissory note, due bill, or other commercial paper, or evidence of indebtedness, or of title or right of any money, property or valuable thing? If so state the date, amount of property, and description of same, the amount of every valuable thing and right; the consideration whereof, to whom, and when and how paid." To said interrogatory appellant answered that in August, 1884, said Charles H. Choate, made to him certain chattel mortgages, a particular description of which is given, in all amounting to $10,000, on property in Chicago, to secure the notes of said Charles H. Choate for said sum, which was then due and owing from said Charles for money theretofore loaned by appellant to said Charles.

That on or about March 25, 1886, defendant transferred and assigned to him (Leander) twenty-five joint notes made by Daniel W. and Louisa Albaugh, payable to said defendant, for the aggregate sum of $12,720, one of said notes being an interest note for $720; also a chattel mortgage from said Louisa Albaugh on furniture, fixtures, etc., of 268 and 276 State Street, Chicago, to secure said notes, said notes and mortgages being dated March 15, 1886, and which notes were indorsed to him in blank by Charles H. Choate; that at the date of said transfer said defendant owed said Leander the sum of $7,500, for money theretofore actually loaned defendant, and for which Leander held defendant's promissory notes, payable to said Leander's order; that in addition to said notes defend-

ant also owed him at that time on account, $3,000, for which he held no notes; that he accepted from defendant the said Albaugh notes in payment of defendant's said notes for $7,500, and in payment of said account, and also paid defendant $600 in money, making a consideration to defendant of about $10,000 for said Albaugh notes and mortgage; that appellant conveyed to him by warranty deed, dated May 5, 1886, the equities in two lots in Chicago for an expressed consideration of $6,000, the real value being, according to his best information and belief, about $2,500; that he (Leander) has since conveyed them to said Louisa Albaugh, and has also returned all said Albaugh notes to their makers, and accepted in return for said equities and notes the notes of Louisa Albaugh for $9,250, secured by chattel mortgage on certain furniture and goods, and also by a trust deed on one of said lots; that the consideration for said equities in said lots, moving from said Leander to said defendant, is the liability for the rent of the Carson House in Chicago, which rent he has assumed, agreed to pay and is liable for, and will be so liable for three years to come. Said rent is $300 per month.

To the general interrogatories appellant replied in the negative. To this answer appellee filed a general replication that said garnishee hath not truly discovered, etc.

The jury found that appellant was indebted to Charles H. Choate in the sum of $625.

Messrs. FRANK J. CRAWFORD and GEORGE A. GARY, for appellant.

Messrs. A. N. TAGERT and E. L. STEWART, for appellee.

MORAN, P. J. The answer set out in the foregoing statement, was responsive to the special interrogatory. The answer does not introduce new matter in evidence but states in answer to the question, the consideration paid to Charles H. Choate for the Albaugh notes, and when and how it was paid, and also the consideration for the conveyance of the equities in the lots.

The answer being under oath, and answering no more than was specifically called for by the interrogatory, must stand as true until disproved. The burden was on the appellees to disprove the statements contained in the answer, in order to entitle them to a verdict against the garnishee defendant. Truitt v. Griffin, 61 Ill. 26.

We have examined the record with care, and we are unable to find evidence from which it can be inferred that the garnishee was indebted to the defendant in any sum. A statement from an answer made by appellant in a certain suit in chancery was introduced, but separated from the context as it is, it is difficult to conclude that it contradicts the statements of appellant's answer in this case, that Charles H. Choate was indebted to him on notes secured by chattel mortgages, which he paid out to said Charles as part consideration for the Albaugh notes. That appellant makes a confused statement on his cross-examination of the amount of money which he had loaned to Charles H. Choate, is true, but we do not find anything in such statement which overcomes his answer. If the burden was on appellant to prove his answer, the testimony given by him on his cross-examination would aid him little; but the burden being on the other party, his inability to give the dates and amounts of transactions which occurred long previously, can not be treated as evidence contradicting the statements of his answer.

Neither do we find any evidence controverting the statement that the equities in the lots conveyed to him by said Charles H. Choate, were conveyed to secure him for his liability for guaranteeing the rent. Counsel argue that he is the assignee of the lease on which he became surety, but we can find no evidence in the record that the lease ever was assigned to him. If such is the fact it should not be difficult to prove it.

If his liability on the guaranty has terminated, by his becoming assignee of the lease, then he may be held to account for the value of the equities conveyed to him as indemnity against such liability.

We have searched the record in vain for evidence which

sustains the verdict of the jury against the answer of appellant, and counsel for appellees have entirely failed to point out any evidence which establishes that appellant was owing to defendant, or held as trustee for defendant, the amount found by the verdict or any other definite sum.

The judgment against appellant must be reversed and the cause remanded.