JAMES G. MERRILL, Appellant, *v.* LEROY D. RANDALL, Appellee.

APPEAL FROM PEORIA COUNTY COURT.

In an action on a note, a plea which sets up, that the maker being indebted to A. was to pay off any debts due to A., gave the note sued on to B. payable to C., under the belief that A. owed B. the sum payable by the note, and B. had the note indorsed after due by C. to D., who brings the action, and that no consideration passed between any of the parties, all of whom were privy to the facts, and that said note was held for the use of B., will be good on demurrer.

A plea which avers that B. undertook to collect money for A., and apply the same when collected on a note given by A. to D., by an arrangement between the parties, and that a sufficient sum had been collected to pay the note, will constitute a good plea of payment.

THIS was an action in assumpsit, commenced in the County Court of Peoria county, at the February term, A. D. 1858. The action was upon three promissory notes.

The defendant pleaded the general issue and the following special pleas, which are sustained by the opinion:

2. And for a further plea in this behalf the defendant says *actio non,* because he says that the cause and causes of action in said declaration mentioned are one and the same, and that the only cause and causes of action is and are the said several promissory notes, and not other or different, and that there was no consideration for the said notes, nor either of them, in this: Before the time of making said several promissory notes by defendant, he, the defendant, purchased from Caleb Whittemore and Sandford Moon, doing business under the firm name and style of Caleb Whittemore & Co., in the city of Peoria, in said county and State, a certain printing establishment known as the Peoria Daily and Weekly Transcript office, and paid therefor a valuable consideration; and at the time of such purchase, defendant further agreed with said Whittemore & Co. that he would assume and pay off the debts then justly due from said Whittemore & Co. on account of said printing establishment, to various persons then owing.

That said defendant, at the time of making the said purchase, knew nothing in regard to the amount of indebtedness owing by Whittemore & Co., nor the persons to whom such indebtedness was due, and was forced to rely upon the information that he could obtain from the said Whittemore & Co., relative to such indebtedness. That one James K. Murphy had been for a long time, and was at the time of said sale and purchase, the book-keeper of said Whittemore & Co. That defendant was referred to said Murphy, as such book-keeper, for information relative to the indebtedness of said firm of Whittemore & Co. That said James K. Murphy, to whom defendant was referred as aforesaid, then and there stated and represented to defendant that said Whittemore & Co. were indebted to him, said Murphy, as book-keeper aforesaid, for services rendered as such book-keeper, in the amount of the said several promissory notes in said declaration described and sued on in this action, which statement and representation defendant then believed to be true, and relied upon the same, and thereupon did execute the said several promissory notes to secure the said supposed indebtedness, in the following manner: That is, said Murphy stated to defendant that he was and had been for a long time indebted to various persons, in large amounts of money, then residing East, and that said Murphy wanted to take the notes as aforesaid, and make the same payable to one Gilman Merrill,

and then have the same indorsed and assigned by said Gilman Merrill to the plaintiff, who was and is the brother-in-law of said Murphy, all of which he, Murphy, desired to be done for the expressed purpose of delaying, hindering and avoiding his, said Murphy's, creditors.

That defendant did then and there execute said several notes, and make the same payable to said Gilman Merrill, at the request of said Murphy, and then and there delivered said notes to said Murphy. That said Murphy then and there obtained the indorsement and assignment of said Gilman Merrill on the back of said notes, but never delivered said notes to the plaintiff, but caused this suit to be brought in the name of said plaintiff merely to carry out his said fraudulent purposes against his, said Murphy's, creditors—and further to compel defendant to pay said notes on the ground that the same were in the hands of a *bona fide* holder before maturity.

Defendant states and avers that the statements and representations of said Murphy in regard to the indebtedness, to pay which said several notes were given, were wholly false and untrue, and that in truth and in fact, said Whittemore & Co. did not at the time of making said several notes, owe him, said Murphy, one cent. That said false statements were so made to defendant for the purpose of obtaining said notes as aforesaid, and that defendant did wholly and entirely rely upon said statements being true, and executed said several notes as aforesaid upon the sole faith that said statements were true, and said supposed indebtedness then honestly and *bona fide* existed.

Defendant further avers, that there never was any consideration of any description passed between this defendant and said Gilman Merrill, nor between said Murphy and Gilman Merrill, nor between the plaintiff and Gilman Merrill, relative to the transaction of giving, indorsing and assigning said several notes, nor either of them.

That said plaintiff had not, at the time of commencing this suit, and has no beneficial interest in said notes, nor either of them, nor had he ever any such interest, but on the contrary was and is and ever has been, a mere nominal plaintiff and holder of said several notes, to aid said Murphy in his, said Murphy's, fraudulent purposes, aforesaid; that said notes are, and ever have been, the sole and exclusive property of said Murphy, and that said several notes, and each of them, were assigned to plaintiff as aforesaid, long after they and each of them became due and payable, and were taken by the plaintiff with full notice and knowledge of all the matters aforesaid, wherefore the defendant says that there never was any considera-

tion for said notes, nor either of them; and this he is ready to verify; wherefore he prays judgment, etc.

And the said defendant comes, and by leave of the court for that purpose first had and obtained, files herein his additional plea, and says *actio non*, because he says that the said several notes are the sole and only cause and causes of action in this cause, and that the several notes and each of them, were given by defendant to the said Gilman Merrill, under the following circumstances: setting forth the same state of facts in reference to the purchase, as the foregoing plea, and the giving and trans-ferring of the notes.

That at the time of said purchase by defendant, there was also included in the same, all the book accounts, notes, bills, bonds, choses in action and effects of every description belong-ing to said Whittmeore & Co., made, accrued or contracted on account of said printing establishment, and then owing from various persons to said Whittemore & Co., and held by said Whittemore & Co., the amount of which and the persons so owing, defendant never knew with any certainty, and cannot state.

That it was further agreed by and between said Murphy and defendant, after the execution of said notes, that said Murphy should, as the book-keeper of this defendant, collect from the various persons then owing defendant, and owing the said firm of Whittemore & Co., such sums as were due, and that he, Murphy, should apply a certain amount so to be collected, (not to exceed the amount of said notes,) as a payment on said notes, all of which was agreed to between the parties to said notes.

Defendant avers that long prior to the commencement of this suit, the said Murphy did, as such book-keeper, under the arrangement aforesaid, collect of various persons, the sum of twenty-six hundred and fifty dollars, money at the time owing from various persons to the said firm of Whittemore & Co. and this defendant, on account of said printing establishment, which sum should in right have been applied as a payment on said notes, under the agreement aforesaid, but that said Murphy neglected and refused to indorse and credit the said amount so collected, on said notes.

Defendant further avers that the amount so collected was and is a full payment of said notes, and that the said plaintiff in this suit has no beneficial interest whatever in this suit; that said notes were transferred to said plaintiff at the request of said Murphy, for the purpose of collection and nothing else.

That said notes and each of them were so transferred to said plaintiff, long after the same became due and payable, and were

taken by the plaintiff with a full knowledge of all the matters aforesaid.

He further avers that there never was any consideration of any description passed or moved between the said defendant and said Gilman Merrill, nor between the said Gilman Merrill and said Murphy, nor between said Gilman Merrill and the plaintiff, nor between the said defendant and plaintiff, in any manner, concerning the making or indorsing of said notes, nor either of them.

He further avers that said Murphy ever has been and is now the sole and only beneficial holder and owner of said notes, and the proceeds thereof, and that the same were given to said Gilman Merrill, and by said Gilman Merrill transferred to the plaintiff, and by the plaintiff sued in this action for the sole use and benefit of the said James K. Murphy, and for no other person, wherefore he says that said notes are fully paid; and this he is ready to verify; wherefore he prays judgment, etc.

To these pleas there was a demurrer, which was sustained.

The court rendered judgment against defendant for the sum of $2,258, to which the defendant excepted.

The defendant moved for a new trial, which was denied.

J. T. LINDSAY, for Appellant.

C. C. BONNEY, for Appellee.

WALKER, J. The errors assigned, question the correctness of the decision of the court, in sustaining a demurrer, to the several special pleas filed by defendant below. The second is pleaded as a plea of failure of consideration. This plea avers that the maker purchased of Whittemore & Co. a printing establishment, and all the demands due the firm, and that he was to pay all their liabilities. That one Murphy, their book-keeper, claimed to have a debt against the firm, equal in amount to the notes sued on, when in fact, Whittemore & Co. did not owe him one cent; and that defendant was ignorant of their liabilities, and believing them to be indebted to Murphy, to that amount, gave the notes sued on, in liquidation of such supposed indebtedness. That, at Murphy's request, the notes were made payable to one Gilman Merrill, and that Murphy obtained the indorsement of the notes by Gilman Merrill, the payee, to Leroy D. Randall, the plaintiff, and that no consideration ever passed from defendant, to Gilman Merrill, nor between him and Murphy, nor between Gilman Merrill and plaintiff, relative to the giving, indorsing, and assigning the several notes, or either of them. That plaintiff, when suit was instituted, had no beneficial inter-

est in the notes, or either of them, nor did he ever have any interest in them, but is, and always has been a nominal plaintiff and holder, of them, to aid Murphy in his fraudulent purposes. That the notes are, and ever have been, the sole and exclusive property of Murphy, and that the notes were severally assigned to plaintiff, long after they and each of them became due, and that plaintiff had full notice, and knowledge of all the facts connected with the giving of these notes.

Had these notes been payable to Murphy, and had he instituted suit for their collection, and had the same state of facts, as to their execution, appeared in defense, as are set up in this plea, it is manifest that a recovery could not have been had. If it is true that Whittemore & Co. owed Murphy nothing, and he falsely claimed that they were indebted to him, and the plaintiff in error relied on, and believed his statements, and gave these notes, it most clearly would constitute a defense.

The plaintiff in error had bound himself to Whittemore & Co. to pay all their indebtedness on account of the printing establishment, and not knowing what it was, or to whom it was owing, relying upon the false representations of Murphy, he gives the notes, to liquidate what he was led to suppose was indebtedness which he was liable to pay and satisfy. This supposed liability of Whittemore & Co. to Murphy, the plea alleges was the only consideration for which they were given, and if no such indebtedness existed, and the notes had been payable to Murphy and sued by him, it would in such an action have constituted a total failure, or want of consideration.

Then has the form which is alleged to have been adopted, changed the rights of the parties. It is alleged that there was no consideration paid by Gilman Merrill to Murphy, for which the notes were given. And if this be true, and it is admitted by the demurrer, he took as a volunteer and has acquired no better or different right than Murphy had. If the suit had been instituted in his name, the maker certainly could have shown that no consideration had been received from the payee; and the plea here positively avers that he paid no consideration for these notes. He then held these notes subject to this defense, and it is no answer to say he was not a participant in the transaction, for he held notes for which he gave no consideration, nor was any received by the maker, or any one else, to support their execution. The plea also alleges that he was aiding and assisting Murphy to fraudulently obtain this money of plaintiff in error, and for that purpose he assigned and transferred without any consideration, these notes to the defendant in error. Then if no consideration passed from him for these notes, and they were only made payable to him to pre-

vent the defense that no consideration passed from Murphy to the plaintiff in error, he could not have had any claim to recover either in law or in justice.

The plea also avers, that the notes were assigned to the plaintiff long after they were severally due, with full knowledge and notice, of all the facts, by the assignee, and without his having paid any consideration for their assignment. If then he took these notes by assignment, after their maturity, he took them subject to any and all defenses that might be made by the maker. And if he also had notice of the fact that they were obtained without consideration, or that it had failed, and if he paid nothing for them, we do not perceive, that he can be heard to say that the maker should not be permitted to set up his defense as against him. The plea also avers that defendant in error always held the notes for the use of Murphy, and was only a nominal plaintiff, without any real interest. It is well settled, that when the plaintiff on the record, is only the trustee for another, the defendant may avail himself of any defense going to the consideration, which he might set up against the beneficial owner of the instrument, had the action been brought in his name. *McHenry* v. *Ridgley*, 2 Scam. R. 309. And the plea avers that until Gilman Merrill parted with the notes, he held them as the trustee of Murphy, and so does the defendant in error, and the defense set up in the plea would have been available in an action by Gilman Merrill, and is for the same reason equally so to this action. The demurrer to this plea should therefore have been overruled.

While the fifth plea is not very artificially drawn, we think it substantially amounts to a plea of payment. It avers that Murphy undertook to collect money due plaintiff in error, and when collected apply it in payment and discharge of these notes, and that the parties to the notes agreed to this arrangement, and that a sufficient amount had been collected to pay them before this suit was instituted. This certainly constitutes a good and valid payment.

It was not necessary that the several sums received should have been indorsed upon the notes, to constitute it a payment. The payment consisted in the receipt of the money under the agreement, and the plea avers that it was so received. If it is true that the parties to the note made the arrangement, no reason is perceived why they should not be bound by it. The holder, at the time of making such an agreement, was a party to the note; and if it is true that he entered into the agreement, Murphy thereby became his agent to receive payment in that manner, and he should be bound by the payment thus made to his agent. The plea alleges that the money when collected was by agree-

ment to be applied as a payment, and if so it was not a matter of set-off. We therefore think the demurrer should have been overruled to this plea.

The demurrer was properly sustained, however, to the third and fourth pleas.

The judgment of the court below is reversed, and the cause is remanded for further proceedings.

*Judgment reversed.*