544 WEBSTER *et al. v.* STEELE *et al.* [Sept. T.

Syllabus. Opinion of the Court.

## SIDNEY T. WEBSTER *et al.*

### *v.*

## GEORGE STEELE *et al.*

1. GARNISHMENT — *equitable claims not liable.* Under the statute relating to garnishment, the choses in action or credits in the hands of the garnishee belonging to the debtor, must be due and owing to him, and must be of a legal, and not a merely equitable, character.

2. When judgment is recovered by A for the use of B against C, the latter cannot be garnisheed by a creditor of B, as the legal title to the judgment is not in B, but in A.

3. The statute authorizing the proceeding by garnishment only authorizes the creditor to recover such indebtedness as can be recovered by an action of debt, or in *indebitatus assumpsit*, in the name of the attachment or judgment debtor, against the garnishee.

4. SAME — *form of judgment.* The judgment against the garnishee must be rendered in favor of the attachment or judgment debtor, for the use or benefit of the attachment or judgment creditor, and whatever surplus there may be after paying the garnisheeing creditor, belongs to the attachment or judgment debtor in whose name the suit is prosecuted.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. WAITE & CLARK, for the appellants.

Messrs. MILLER & FROST, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

While our statute in regard to garnishment, under which this proceeding was commenced in the court below, is comprehensive in its provisions, we do not think equitable claims can be subjected to this process. The terms employed are, " indebted," or " hath any effects or estate " in his custody or charge, enumerating " lands, tenements, goods, chattels, moneys, choses in action, credits and effects." The " effects or estate," spoken

of, in the charge or custody of the garnishee, must belong to the defendant in attachment, or judgment debtor, and the choses in action or credits must be due or owing to him, and evidently must be of a legal and not equitable character. Session Laws 1872, p. 462.

A brief reference to the facts which are uncontroverted will aid our understanding of the exact question presented for decision. Arms, having obtained a judgment against Webster & Walch, instituted this proceeding against defendants to collect his judgment, charging that they, or some of them, were indebted to Webster. Answers for two of the defendants having been filed, disclosed the fact that E. A. Buck, for the use of Sidney T. Webster, had previously obtained judgment against Steele, Vogle & Crandall, in the Superior Court of Chicago, from which George Steele had taken an appeal to the Supreme Court of the State, with James Steele as his surety on the appeal bond, and that the judgment was thereafterwards affirmed. The appeal bond, like the judgment, was in the name of Buck for the use of Webster. Under the statute cited, the question arises, can George and James Steele, or indeed any of the garnishees named, be held liable as garnishees of Webster? Clearly there is no legal indebtedness from any of the garnishees due or owing to Webster, that could be enforced in any action at law in his own name, and, unless equitable claims can be subjected to this process, this suit must fail.

The present statute, in all its essential features, is like the act of 1845 upon the same subject, which this court has had frequent occasion to construe. Proceedings authorized by both acts are the same, and the right secured is almost in identical language. Process is to be served upon all persons "who are in anywise indebted to such defendant," and in all proceedings in garnishment after judgment and execution, the court into which the process is returnable "shall examine and proceed against such garnishee or garnishees in the same manner as is required by law against garnishees in original attachments."

69—75TH ILL.

As was said in *May* v. *Baker*, 15 Ill. 90, the indebtedness referred to in the statute is legal indebtedness, such as could be enforced in a court of law by an action in the name of the defendant in attachment against the garnishee. The principle is, that process of garnishment, being a legal proceeding given by statute, only entitles a party to recover such indebtedness as could be recovered by an action of debt, or *indebitatus assumpsit*, in the name of the attachment or judgment debtor against the garnishee. And so the authorities elsewhere hold. *Harrell* v. *Whitman*, 19 Ala. 135; *Hassie et ux.* v. *G. I. W. U. Congregation*, 35 Cal. 378.

The statute will bear no other construction than that heretofore given to it. The reason is obvious. By the practice which obtains in this State, the judgment against the garnishee must be rendered in favor of the attachment or judgment debtor, for the benefit of the attachment or judgment creditor, who is the real plaintiff, against his own debtor. Whatever surplus there may be after paying the creditor belongs to the debtor in whose name the suit is prosecuted. This is according to the analogies of the law, for in all actions at law the suit must be in the name of the party in whom is the legal interest of the subject matter. *Stahl* v. *Webster*, 11 Ill. 511.

It follows, then, that defendant's right to the indebtedness sought to be condemned must be legal, as contra-distinguished from equitable. Otherwise, although the garnishee might admit he was the equitable owner of the indebtedness, no judgment could be rendered in his favor in a court of law. An authority exactly in point is the *Ill. Cen. R. R. Co.* v. *Weaver*, 54 Ill. 319, where it is said the proceeding is statutory and cannot be extended beyond the plain provisions of the statute, and that evidently confines the proceedings to the debtor of the debtor, on the principle, there must be privity between the parties, which is indispensable to maintain garnishment.

In the case at bar, Webster could not maintain an action in his own name against the garnishees, or any of them, on the

judgment in favor of Buck for his use against them, nor could he do it in the name of Buck, for the statute has given no power to use his name for that purpose, and for the further reason there is no privity of interest between Buck and the garnishees. The fact that the judgment was obtained in the name of Buck for the use of Webster would only operate at most as notice of an assignment of the judgment to him. It might be to the extent of the whole interest in the judgment, or for only a moiety. This could not be determined in this proceeding, in which Buck would have an interest, and should the court entertain jurisdiction, his rights would be adjudicated in a suit in which he is not and could not be a proper party. We are entirely satisfied with the construction heretofore given to this statute, that only legal indebtedness can be subjected to garnishment. Equitable indebtedness is not within the purview of the statute. This is plain from the fact, the proceedings authorized can only be had in the law courts, and which are not adapted to ascertaining and adjusting the rights of parties where only equitable interests are involved.

Our conclusion is, this proceeding cannot be maintained against any of the garnishees, for they are not legally indebted to Webster, in whose name the suit is being prosecuted. He may have an equitable interest in the whole or a part of the indebtedness for which Buck recovered a judgment against them, but the extent of that interest cannot be ascertained in this proceeding, and if it could, it could not be subjected to payment of Webster's creditor by garnishment, for the simple reason the statute has not authorized it.

The cases of *Hodson* v. *McConnel*, 12 Ill. 170, and *Carr* v. *Waugh*, 28 ib. 418, are not understood by us to be in conflict with the doctrine laid down in *May* v. *Baker, supra.* They announce the principle that equitable owners of choses in action will be protected in a garnishee proceeding, as well as in other suits at law. The decision in *Snider* v. *Ridgeway*, 49 Ill. 523, is placed on the distinct ground, the ownership and title to the

note which was the subject of garnishment was in the judgment debtor, and the case is therefore in entire harmony with *May* v. *Baker.*

No error appearing in the record, the judgment will be affirmed.

*Judgment affirmed.*