DICK RICHARDSON *et al.*

*v.*

MOSES W. LESTER *et al.*

1. CHATTEL MORTGAGE—*given by one partner—when binding.* Where one partner executes a chattel mortgage upon partnership property to secure a firm debt, and the other partner witnesses its execution, and, when the property is afterwards taken under the mortgage and exposed to sale, the latter makes no objection, he will be estopped from disputing the validity of the mortgage.

2. GARNISHMENT—*creditor has no greater right than his debtor.* In proceeding by garnishment, the garnisheeing creditor will have no greater rights to recover of the party garnisheed than the execution debtor, in whose name the suit is brought.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. CLARENCE A. KNIGHT, for the appellants.

Messrs. BARKER, BUELL & WAIT, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Defendants were summoned as garnishees, at the suit of the judgment creditors of Richardson & Robinson. In their answer they disclaim having in their possession "any moneys, rights, credits or effects owned by or due" to either of the judgment debtors. There is nothing in the evidence that disproves the answer. What property came to their hands under the chattel mortgage was lawfully theirs, and they could not be compelled, under this process, to account for it or the proceeds in their possession.

It is true, the mortgage was executed by only one member of the firm of Richardson & Robinson, but the other member witnessed its execution. A portion of the property embraced in the mortgage was sold by defendants to the execution debtors, and the mortgage was made to secure the purchase money, with other indebtedness. Evidence offered shows the goods

were to be used in the business of the firm. It was not, there- fore, the individual indebtedness of Richardson that was se- cured by the mortgage, but it was as much a claim against the firm as was the indebtedness of the execution creditors. It is conceded Robinson knew for what purpose the mortgage was given, but it is said he did not know its contents, and witnessed the execution under the belief it embraced other property than that owned by Richardson & Robinson. Whether that is so or not, he must have known and did know the fact the property was seized under the mortgage and exposed to sale, in satisfaction of the indebtedness to defendants, and yet it does not appear he made any objections to the sale. In view of the fact he witnessed the execution of the mortgage, and of his subsequent conduct, we think Robinson is estopped on every principle of justice to deny the property was rightfully pledged by his part- ner to secure the indebtedness to defendants. We are not aware the execution creditors can assert any rights in regard to the property or the proceeds that Robinson could not. In- deed, the action is in the name of Richardson & Robinson, and if they could not recover in an action against defendants, it follows, as a matter of course, the garnisheeing creditors can not, for if they recover at all it must be in the name of the execution debtors.

The judgment is clearly right, and must be affirmed.

*Judgment affirmed.*