## Ferdinand W. Peck

### v.

### The Coalfield Coal Company, use, etc.

1. Liability of Stockholders.—In order to render a stockholder liable under the statute to the extent of his unpaid stock for the debts of the corporation, proceedings must be instituted against him at the same time that action is begun against the corporation on the principal cause of action.

2. Special Remedy.—A general liability created by statute, without a remedy, may be enforced by any appropriate common law action, but when the provision for the liability is coupled with a provision for a special remedy, that remedy and that alone must be employed.

Appeal from the Circuit Court of Will county: The Hon.

FRANCIS GOODSPEED, Judge, presiding,   Opinion filed May 6, 1879.

Messrs. COOPER, PACKARD & GURLEY, for appellant; that where the charter of a company does not prohibit payment of capital stock in anything but money, it may be paid for in something else, cited Phelan v. Hazard, 6 Cent. Law Jour. 109; Pell's case L. R. 5 Ch. 11; *In re* Boglan Hall Co. L. R. 5 Ch. 346; Maynard's case L. R. 9 Ch. 60; Schroeder's case, 11 Eq. 131; Cleland's case, 14 Eq. 387; Lichell's case, L. R. 3 Ch. 119; Savage v. Ball, 17 N. J. 142; Smith v. N. A. etc. Co. 1 Nev. 423; Goodrich v. Reynolds, 31 Ill. 490; Spence v. Iowa Valley Co. 36 Iowa, 407; *In re* China, etc. Co. L. R. 4 Ch. 772; Carr v. Le Fevre, 27 Pa. St. 413; Foreman v. Bigelow, 7 Cent. Law Jour. 430.

Stockholders' liability can only be enforced in the manner provided by the statute: Pollard v. Bailey, 20 Wall. 527; Erickson v. Nesmith, 4 Allen, 236; Baker v. Backus, 32 Ill. 82; Tarbell v. Page, 24 Ill. 47; Steele v. Dunne, 65 Ill. 298; Taylor v. New Eng. M. C. 4 Allen, 579; Pease v. Underwriters' Union, 1 Bradwell, 287.

A stockholder cannot be made liable for debts of the corporation incurred after he ceases to be a stockholder: 1 Redfield on Railways, 197; Angell and Ames on Corporations, § 534; Handrahan v. Cheshire Iron Works, 4 Allen, 396.

The liability of the stockholder is extinguished by a judgment against the corporation, where the person was not summoned and had ceased to be a stockholder before judgment: Sampson v. Clark, 2 Cush. 173; Woodbury v. Perkins, 5 Cush. 86; Liddale v. Rawcliffe, 1 Cr. & M. 490; Thompson v. Hewitt, 6 Hill, 254; Byers v. Franklin Coal Co. 106 Mass. 137; Cambridge Water Works v. Somerville Dyeing Co. 4 Allen, 239; Erickson v. Nesmith, 4 Allen, 233; Mason v. Cheshire Iron Works, 4 Allen, 398.

The remedy is in equity under the statute relating to insolvent corporations, against the corporation and stockholders for the benefit of all the creditors: Richardson v. Aikins, 87 Ill. 138; Turpin v. Haines, 10 Chicago Legal News, 74.

A corporation formed under the act of 1872 is not bound upon contracts made previous to incorporation: Western Screw Co. v. Cousley, 72 Ill. 531; R. R. I. & St. L. R. R. Co. v. Sage, 65 Ill. 328.

Forfeited stock dissolves the connection of the stockholders, whose shares are forfeited with the corporation, and a creditor cannot charge them with the amount unpaid: Allen v. Montgomery R. R. Co. 11 Ala. (N. S.) 437; Macaulay v. Robinson, 18 La. An. 619.

The sworn certificate of the officers of a company that the capital stock has been paid in, is conclusive evidence for the stockholders so far as to exempt them from personal liability for debts of the company: Stedman v. Eveleth, 6 Met. 114.

The judgment obtained against the company without notice to the stockholders, cannot be *res adjudicata* as to him: Pierce v. Carleton, 12 Ill. 358; Moss v. McCulloch, 5 Hill, 131.

A stockholder is not liable upon a claim for damages against a corporation, arising from negligence: Heacock v. Shuman, 14 Wend. 58; Cable v. McCune, 26 Mo. 371; Cable v. Goty, 34 Mo. 573.

The non-joinder of one of several joint debtors, is fatal to the right of plaintiff to recover against those proceeded against by garnishee process: Rex v. Elliott, 1 N. H. 144; Hudson v. Fisk, 5 N. H. 538; Atkins v. Prescott, 10 N. H. 122; Weatherwax v. Paine, 2 Gibbs, 558; Wellover v. Soule, 30 Mich. 581; Pettes v. Spaulding, 21 Vt. 66; Wilson v. Allbright, 29 Greene, 125; Haskins v. Johnson, 24 Geo. 625; Elliott v. Smith, 2 Cranch, 543; Jewett v. Bacon, 6 Mass. 59; Hutchinson v. Eddy, 16 Ship. 485.

Mr. GEO. S. HOUSE, for appellee; that where the statute gives a remedy, there must be a strict compliance with its provisions, cited Gray v. Coffin, 9 Cush. 192; Pollard v. Bailey, 20 Will, 527; Tarbell v. Page, 24 Ill. 47.

As to the liability of a stockholder to a creditor: Culver v. Third Nat. Bank, 64 Ill. 528; Corwith v. Culver, 69 Ill. 502; Richardson v. Akin, 87 Ill. 138.

In the construction of statutes, the intention of the legislature

may be collected from the cause or necessity of the act: Wood v. Blanchard, 19 Ill. 38; Castner v. Walford, 83 Ill. 179.

A statute should be construed, if possible, so that no clause or sentence shall be superfluous or insignificant: Dicker v. Hughes, 58 Ill. 41; City of Springfield v. Edwards, 84 Ill. 632.

PILLSBURY P. J.,   On the 7th day of November, A. D. 1877, H. Leroy Thayer, for whose use this proceeding is prosecuted, recovered a judgment in the Will Circuit Court against the nominal plaintiff herein for $5,963.20, by default, and on the 27th day of December of the same year he sued out of said court a garnishee summons against appellant, Peck, as a stockolder in said company.

The appellant was not summoned at the the time the suit was originally commenced against the company, but the basis of this proceeding is, that Peck was owing the company upon stock subscribed by him, which he had not fully paid up, and it is sought by this proceeding, instituted under the act relative to garnishment to obtain a judgment against him to satisfy that obtained by Thayer against the company.   Interrogatories were filed and answered by the garnishee in the court below, and upon a hearing, judgment was rendered against the garnishee, and he appeals.

By the common law, a stockholder was not liable for the debts of the corporation, and such liability exists only by virtue of some statute.   The eighth section of the statute of this State, entitled Corporations, reads as follows:

" Every assignment or transfer of stocks, in which there remains any portion unpaid, shall be recorded in the office of the Recorder · of Deeds of the county within which the principal office is located, and each stockholder shall be liable for the debts of the corporation to the extent of the amount that may be unpaid upon the stock held by him, to be collected in the manner herein provided.   No assignor of stock shall be released from any such indebtedness by reason of any assignment of his stock, but shall remain liable therefor jointly with the assignee until the said stock be paid in full.   Whenever any action is brought to recover any indebtedness against the corporation,

it shall be competent to proceed against any one or more stock-holders at the same time to the extent of the balance unpaid by such stockholders upon the stock owned by them, respect-ively, whether called in or not, as in case of garnish-ment. Every assignee or transferee of stock shall be liable to the company for the amount unpaid thereon to the ex-tent, and in the same manner as if he had been the original subscriber."

It is admitted by counsel for appellee that it is only by vir-tue of this section that appellant can be held liable, and claims that this proceeding is instituted under that section. We think the language of this section fairly construed means that a party can at the time he commences his action against the corpora-tion have a summons issued in the nature of a garnishee pro-cess against any one or more of the stockholders of such cor-poration, and whose subscription to the capital stock has not been fully paid, warning them of the pendency of such suit, and by the service of such summons the creditor would pre-vent such stockholder from making payment to the corpora-tion of any amount that may be due upon his subscription. We are inclined to the opinion that in order to hold the stock-holder liable at law it is essential that such writ to the stock-holder should be issued at the same time the suit against the corporation is commenced, as that appears to be the fair con-struction of the statute.

In Pollard v. Bailey, 20 Wall. 527, the Supreme Court of the United States held that:

"The individual liability of stockholders in a corporation for the payment of its debts, is always a creature of statute. At common law it does not exist. The statute which creates it may also declare the purposes of its creation and provide for the manner of its enforcement. * * * The liability and the remedy were created by the same statute. This being so, the remedy provided is exclusive. A general liability created by statute without a remedy may be enforced by any appropri-ate common law action. But when the provision for the lia-bility is coupled with a provision for a special remedy, that remedy and that alone, must be employed."

Speaking on the same point, the Supreme Court of Massachusetts says:

"When the statute confers a right and prescribes a remedy, that particular remedy, and that only can be pursued." (Per Dewey, J., in Ericksen v. Nesmith, 4 Allen, on p. 236.)

Our own Supreme Court also say, in Baker v. Backus, 32 Ill. on p. 99:

"The stockholders in such a corporation can only be responsible in the mode prescribed in the act under which they became associated as a corporation. They are not individually liable, except under the circumstances and for the time specified in the act of incorporation."

Under these authorities, we think the remedy provided by the eighth section is exclusive and must be pursued by the creditor if he would hold the stockholder at law.

The appellee in this case not having pursued such course, we think he cannot recover.

This proceeding being an ordinary garnishment after return of execution *nulla bona*, there is another reason shown by this record why the judgment cannot be sustained. It is a well settled rule of law in our State that judgment cannot be rendered against the garnishee in favor of the judgment debtor for the use of the execution creditor, unless the judgment debtor could recover in an independent suit against the garnishee. Richardson et al. v. Lester et al. 83 Ill. 55.

It appears in this case that the capital stock of the corporation was fully paid by the stockholders, appellant among the number, by deeding to the coal company about 1,000 acres of coal land, which was accepted by the company in full payment of all stock subscribed.

It is quite evident if the company was to bring an action against appellant upon his subscription to the capital stock, the conveyance of the land could be pleaded as full payment therefor, and upon the proofs in this record we fail to see how a recovery could in such case be sustained in favor of the company.

We are aware that the rule in this country in equity is, to treat the capital stock as a trust fund for the payment of debts

Peck v. Coalfield Coal Co.

owing by the corporation, and have no desire to limit the the operation of so beneficial and just a rule, but if a party pursues a legal remedy in the name of the corporation for his use, under which proceeding the liability of the garnishee to the company is the measure of his liability to the creditor, he can have no relief, unless he can show that the garnishee is indebted to the nominal plaintiff.

Judgment reversed.