Thompson v. Conover et al.

EPLER, Judge, presiding. Opinion filed February 7, 1883.

Mr. R. W. MILLS, for plaintiff in error; cited McMullen v. Lee, 78 Ill. 443.

Mr. R. R. HEWITT and Mr. HENRY PHILLIPS, for defendants in error; cited Session Laws of Penn. 1835–6, §§ 28–31, p. 547; Sterling v. Commonwealth, 2 Grant (Penn.), 162.

ROBERT L. THOMPSON, use, etc.,

v.

JOHN CONOVER ET AL.

STATEMENT—HUSBAND AND WIFE—GARNISHMENT.—This was a garnishee proceeding by creditors of a husband and in his name against his wife's debtors who had purchased a crop of corn raised on the farm formerly owned by the husband. The land was leased and the business carried on in the name of the wife, and in her name the crop was sold to the garnishees. *Held*, that the creditors of the husband stand in his shoes, and if he has no claim for which he could recover at law against the garnishees, they must be dis-

Thompson v. Conover et al.

charged. Under the circumstances of this case the purchasers of the crop had a right to deal with the wife as an unmarried woman and are entitled to stand upon the contract they made with her in her own right. A husband can not allege his own fraud in avoidance of the contracts of a wife.

APPEAL from the Circuit Court of Cass county; the Hon. L. LACEY, Judge, presiding. Opinion filed February 7, 1883.

Mr. R. W. MILLS, for appellant; that under the circumstances of this case the entire products raised are subject to the payment of the husband's debts, cited Wortman v. Price, 47 Ill. 22; Elijah v. Taylor, 37 Ill. 247; Robinson v. Brems, 90 Ill. 351; Wilson v. Loomis, 55 Ill. 352; Blood v. Barnes, 79 Ill. 437; Card v. Robinson, 2 Bradwell, 19; Gill v. Hanny, 1 Bradwell, 490; Dean v. Baily, 50 Ill. 481; Brownell v. Dixon, 37 Ill. 197.

PER CURIAM. This is a garnishee proceeding commenced by the creditors of the husband, and in his name, against the debtors of his wife, who had purchased a crop of corn raised on the farm formerly owned by the husband. Proceedings in bankruptcy had been commenced against the husband, under which the lands had been sold to some other parties, who leased them to the wife. She then borrowed money with which she purchased some horses, and the same is still unpaid. It seems the husband still had some farming implements, and that with these and the horses purchased by his wife, he carried on the farming operations in her name, and under his superintendence the crop in question was raised. It is now claimed by the creditors of the husband that the crop belonged to him, and therefore that the debt owing by the garnishees is owing to him, and not to his wife.

We are unable to see how this question can arise in this proceeding. The creditors of the husband stand in his shoes, and if he has no claim for which he could recover at law against the garnishees, then they must be discharged. Richardson v. Lester, 83 Ill. 55; Crownover v. Bamburg, 2 Bradwell, 162; Webster v. Steele, 75 Ill. 544. In this case the land was leased in the name of the wife, the business was

carried on in her name, and in her name the crop was sold to the garnishees. Under the present statute she may contract debts and the same may be sued for and collected in the same manner as if she were unmarried. R. S. Ch. 68, Secs. 1, 6. It appears that she has contracted debts for the horses, and that she has a debt owing her for the corn, all with the knowledge and consent of the husband. Under these circumstances the purchasers of the crop had a right to deal with her as an unmarried woman, and having made the purchase from her, they have a right to stand upon the contract they made with her in her own right. We see no element in the case which makes them the debtors of the husband, and if he can not sue them in his own right, he can not for the use of his creditors.

If it were alleged that any fraud existed in putting the property into the hands of the wife to hinder and delay the creditors of the husband, that must be reached in some other way than by suing in the name of the husband, for he can not allege his own fraud in avoidance of the contracts of his wife. As the case stands now, the creditors of the wife would be in a much better position to garnishee this fund than those of the husband. The petition for rehearing will therefore be denied, and the judgment of affirmance be allowed to stand.

Judgment affirmed.