## GEORGE W. CHATROOP

### v.

### NIEL BORGARD, FOR USE, ETC.

*Garnishment—Fraudulent Sale by Defendant to Garnishee—Evidence.*

1. A garnisheeing creditor can have no greater right to recover from a person garnished than the debtor in whose name the suit is brought.

2. It seems that this rule applies where a sale by the defendant to the garnishee is attacked for fraud.

[Opinion filed March 13, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. R. W. CLIFFORD; Judge, presiding.

Messrs. DOOLITTLE, McKEY & TOLMAN, for appellant.

Messrs. PAGE, ELIEL & ROSENTHAL, for appellee.

GARY, J.   September 13, 1888, Borgard owing Chatroop $345.73, sold to him a stock of boots and shoes for $1,038.70, and the difference between those sums Chatroop paid to Borgard in cash.   The Robert Lahey Shoe Company, creditor of Borgard, commenced an attachment suit against him and summoned Chatroop as garnishee, claiming that the sale by Borgard to Chatroop was fraudulent.

Holding, as we do, that conceding all that the company claims as to the facts, still Chatroop can not be held as garnishee, it is only necessary to consider the law upon that subject.

In Richardson v. Lester, 83 Ill. 55, Lester being garnished by creditors of Richardson & Robinson, the Supreme Court said: "The action is in the name of Richardson & Robinson, and if they could not recover in an action against defendants, it follows, as a matter of course, the garnisheeing creditors can not; for if they recover at all it must be in the name of the execution debtors."

The court said " as a matter of course," no doubt, because they regarded the law as thus settled by the prior cases. May v. Baker, 15 Ill. 89; I. C. R. R. v. Weaver, 54 Ill. 319; Webster v. Steele, 75 Ill. 544.

It is not our duty to go into detail to show how Truitt v. Griffin, 61 Ill. 26, and Pattson v. Gates, 67 Ill. 464, are consistent with Richardson v. Lester; it is enough to say that in neither case was there any question like the one here.

A case much more in point upon the facts for the appellee, is Finlay v. Dickerson, 29 Ill. 9, but the question here raised was not alluded to there, and upon the points raised by counsel for Finlay on the assignment of errors there, not mentioned by the court, it would be hardly possible to follow that decision.   The rule quoted from Richardson v. Lester, 83 Ill. 55, was followed in this court in Sangamon C. M. Co. v. Richardson, 33 Ill. App. 277.   The same rule seems to obtain in Indiana.   Joseph v. Kronenberger, 120 Ind. 495.

It is contended by the appellee that where a sale by the defendant to the garnishee is attacked for fraud, the rule does not apply; citing Drake on Attachment, Sec. 458.   The

cases cited by Drake do not prove his text. In Lamb v. Stone, 11 Pick. 527, the remarks of the judge were outside of the case; and in U. S. v. Vaughn, 3 Binney, 394, also; and in the latter case the attachment was levied upon the property itself.

We do not find that in any other State than this, it is the practice to enter the judgment in the name of the defendant for the use of the plaintiff against the garnishee. 2 Wade on Att., Sec. 532. That practice seems to have its origin in Stahl v. Webster, 11 Ill. 511.

In Missouri by construction of their statute, and in Michigan by express statute, a fraudulent vendee of the defendant may be held as garnishee. Lee v. Tabor, 8 Mo. 322; Fearey v. Cummings, 41 Mich. 376.

The careful provisions made in Sec. 8 of the act concerning corporations, and in Secs. 19 to 22 of the act in regard to garnishment, for certain exceptional cases wherein the defendant could not have maintained an action against the garnishee, all seem to recognize the rule that the liability of the garnishee must, in other cases, be such as the defendant himself could have maintained an action upon.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*