300　APPELLATE COURTS OF ILLINOIS.

VOL. 78.] Supreme Sitting Order of the Iron Hall v. Grigsby.

## Supreme Sitting Order of the Iron Hall, use, etc., v. James H. Grigsby.

1. FOREIGN INSURANCE COMPANIES—*Suits Against Resident Agent.*—A foreign insurance company can not itself maintain a suit against one of its agents in this State without having complied with the laws of this State authorizing it to do business within its borders.

2. GARNISHMENT—*Rights of Garnishing Creditor.*—It is a well-established doctrine in garnishment proceedings that the garnisheeing creditor has no greater right to recover of the party garnisheed than the debtor in whose name the proceeding is conducted.

3. SAME—*Liability of Agents of Foreign Insurance Companies Unauthorized to do Business in This State.*—A resident agent of a foreign insurance company unlawfully doing business in this State is not liable to garnishee process for moneys of such company in his possession.

Garnishment.—Trial in the County Court of McDonough County; the Hon. C. F. WHEAT, Judge, presiding. Finding and judgment for garnishee. Appeal by garnishor. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

### STATEMENT.

A corporation by the name of The Supreme Sitting Order of the Iron Hall was incorporated in the State of Indiana, July 12, 1881. Its object and business, as disclosed by the record in this case, was to establish a benefit fund from which the members should receive a benefit in sums not exceeding one thousand dollars, which should be paid at such times and in such manner as might be provided in its by-laws or in the certificate of membership issued to each member. Henry C. Sumpter, appellee, and a number of other persons, formed themselves into what was called Local Branch No. 208, located in McDonough county, Illinois. This local

branch never became incorporated. Appellee was its cashier. Sumpter held a certificate of membership which provides that in case a member shall continue to pay all assessments and demands made for the full term of seven years from its date and maintain himself in good standing in the order, that he shall then be entitled to a sum not exceeding one thousand dollars, less the amount which he has already received as benefits on account of sickness or other disability. The corporation became insolvent and a receiver was appointed therefor August 18, 1892, by a court in Indiana, and the corporation has remained insolvent ever since. The decree of the court appointing the receiver assigned and turned over to him all the property and effects of the corporation. At the time of the appointment of the receiver appellee had $681.94, which was in his hands as cashier of said local branch by virtue of Section 1 of Law 2 of said corporation which reads as follows: "Twenty per cent of the amount received by each branch on each assessment shall be set aside and retained as a reserve fund, which fund is the property of the supreme sitting and shall be subject to their control at all times as hereinafter provided." The receiver demanded this money from the local officers of the local branch and they refused to pay the same over to him, and appellee still retains possession of it.

Sumpter obtained judgment against the corporation in attachment for $700 upon his certificate of membership in the County Court of McDonough County and had appellee summoned as garnishee. Appellee answered under oath, the interrogatories filed denying that he had any money, property or effects of any kind in his possession belonging to the defendant corporation. He admitted he had in his hands the above-named sum of money but claimed that the same was not subject to garnishment, because the defendant corporation was engaged in the business of insurance, in taking risks and insuring the lives of its members, and was not authorized to transact business in the State of Illinois and has never been so authorized, and could not maintain a suit herein on account of its failure to comply

302     APPELLATE COURTS OF ILLINOIS.

VOL. 78.] Supreme Sitting Order of the Iron Hall v. Grigsby.

with the laws of the State with reference to foreign insurance companies. He further averred, among other things, that certain members of the local branch on the 1st day of September, 1892, filed their bill in chancery in the Circuit Court of McDonough County, Illinois, against said corporation and said garnishee; that summons was issued and served upon the garnishee; that the bill alleged that the complainants were co-partners, and that the money in the hands of the garnishee belonged to them as such; that the garnishee claimed the money belonged to said corporation and was about to pay the same over to it; that said bill prayed that he be enjoined from so doing; that the partnership be dissolved, the money divided between the members, a receiver appointed, etc., and that said bill is still pending and undetermined. Issue was joined upon the answer and the cause tried by the court, a jury having been waived. The court found the issues for the garnishee and entered judgment accordingly.

H. C. AGNEW, attorney for appellant.

A foreign corporation doing business in this State is liable to garnishment. Hannibal & St. Jo. R. R. v. Crane, 102 Ill. 249; Henderson & Co. v. Schaas, 35 Ill. App. 155.

In the case of garnishment, if the judgment in attachment is void for the reason that the court had no jurisdiction, it may be attacked by the garnishee; but if the court had jurisdiction its errors and irregularities can only be called in question by the defendant in the original attachment proceeding. Pierce v. Carleton, 12 Ill. 358; Empire Car Roofing Co. v. Macey, 115 Ill. 391.

SHERMAN & TUNNICLIFFS, attorneys for appellee.

A foreign company not authorized to do business in this State can not recover upon a promissory note given for premium on policy. Cin. Mut. H. A. Co. v. Rosenthal, 55 Ill. 85.

As against policy holder who has no knowledge that company had no authority to do business in this State, the company can not set up as a defense that company had no

right to transact the business in this State.   Watertown Ins. Co. v. Rust, 40 Ill. App. 120; Watertown Ins. Co. v. Rust, 141 Ill. 85.

The general rule is that all contracts made in violation of an express statutory provision are inoperative and void, and no recovery can be had upon them.   Penn v. Bornman, 102 Ill. 523; Samuels v. Oliver, 130 Ill. 73.

An act requiring authority from auditor is constitutional; object of legislature was to prevent such contracts from being made at all.   Pierce v. People, 106 Ill. 11; Buell v. Breese, etc., and cases cited, 65 Ill. App. 271.

It is not lawful for any insurance company, association or partnership incorporated by or organized under the laws of any other State of the United States or of any foreign government for the purpose of life insurance or for the purpose of insuring persons against accidents, to take risks or to transact any business whatever authorized by its charter within this State, until it shall have complied with certain requirements of the statute and obtaining a license. Buell v. Breese, 65 Ill. App. 271.

A garnishee is not liable unless legally indebted to the defendant.   Drake on Attach., Sec. 547.

The choses in action or credit in hands of garnishee belonging to debtor must be due and owing to him, and must be of legal and not equitable character.   Webster v. Steele, 75 Ill. 544.

No recovery can be had for the benefit of a garnishing creditor, unless his debtor could have maintained in his own name an action of debt or assumpsit against garnishee. Lorenson v. Rusk, 67 Ill. App. 532; Sangamon Coal Co. v. Richardson, 33 Ill. App. 277; Capes v. Burgess, 135 Ill. 61.

A garnishing creditor can have no greater right to recover from the garnishee than the debtor has.   Com. Nat. Bk. v. Kirkwood, 68 Ill. App. 116; Webster v. Steele, 75 Ill. 544; Richardson v. Lester, 83 Ill. 55.

When answer of garnishee fails to show indebtedness to defendant or that he has any property of defendant, the presumption arises that the answer is true and the burden

304 APPELLATE COURTS OF ILLINOIS.

Vol. 78.] Supreme Sitting Order of the Iron Hall v. Grigsby.

of disproving it is thrown on the plaintiff. Kergin v. Dawson, 1 Gilm. 86.

Mr. Justice Harker delivered the opinion of the court.

Appellee was summoned as garnishee in an attachment suit commenced by Henry C. Sumpter against the Supreme Sitting Order of the Iron Hall, an Indiana corporation, for the purpose of obtaining satisfaction of an indebtedness alleged to be due from the Order to Sumpter, out of a fund held by appellee as cashier of Local Branch No. 208 of the Order, located at Blandinsville, Ill.

It would render this opinion too lengthy to discuss all the points of contention urged upon us in the printed argument of counsel. We shall therefore confine ourselves to the questions which grow out of the contention of appellee that the Supreme Sitting Order of the Iron Hall is a foreign insurance company, and not having complied with the laws of this State authorizing it to do business within its borders, it could not itself maintain a suit against him, and hence Sumpter can not in its name maintain such suit for his use, because, in our view, they are the leading and controlling questions in the case.

In reply to that contention Sumpter claims, first, that such corporation is not an insurance company within the meaning of the statute requiring a license to transact business in the State; and second, if it be deemed such an insurance company, appellee is estopped from pleading its want of authority.

While we think there is enough in the record to support the conclusion that the Supreme Sitting Order of the Iron Hall is an insurance company within the meaning of the statute, we are relieved from a discussion of that question by the following stipulation, contained in the agreed statement of facts submitted upon the trial: "That the said corporation is not authorized under the provisions of the laws of the State of Illinois to transact the business for which the same was organized, in the State of Illinois, and has never been so authorized."

Here is a plain stipulation that this Indiana corporation has never been authorized to charter local branches in Illinois nor transact in Illinois any other business contemplated by its corporate organization. What right of supervision, then, had it over the so-called Local Branch No. 208? How was it entitled to any of the funds raised by dues and assessments paid by members of the Local Branch?

The right of Sumpter as the usee of the corporation in a garnishment proceeding against the custodian of the funds is no greater than that of the corporation. It is a well established doctrine in garnishment proceedings that the garnisheeing creditor will have no greater right to recover of the party garnisheed than the debtor in whose name the suit is conducted. Webster et al. v. Steele et al., 75 Ill. 544; Richardson et al. v. Lester et al., 83 Ill. 55; Capes v. Burgess et al., 153 Ill. 61; Sangamon Coal Mining Co. v. Richardson, 33 Ill. App. 277; Lorenson v. Rush, 68 Ill. App. 532.

The chief contention of appellant, however, is that appellee is estopped from pleading the corporation's want of authority to transact business in this State. His argument is: The corporation can not, itself, plead its failure to comply with the statutes as a defense in a suit against it. An agent of the corporation has no greater right than his principal in that regard. Appellee is the agent of this corporation, and is therefore estopped from pleading the failure of the corporation to comply with the statute.

The fallacy of the argument lies in the assumption that appellee is the agent of the corporation. He is merely the custodian of a fund. He received none of it from the corporation, and, as we have seen, it has no right to it. As the custodian of this fund, he is the agent of the individual members of Local Branch No. 208. He is not estopped from denying that he is the agent of the corporation because he received the fund by virtue of Section 1 of Law 2, which declares that " the fund is the property of the Supreme Sitting Order," etc., for the reason that when he received

it he was ignorant of the fact that the company had not complied with the law.

The record showed that a chancery suit is now pending in the Circuit Court of McDonough County over this very fund—a suit in which appellee and Sumpter are parties defendant. If the organization of Local Branch No. 208 was unauthorized, and the fund was raised by dues and assessments paid by Sumpter and other members under the belief that the Indiana corporation had complied with the law authorizing its organization, it would seem that the proper place for Sumpter to have his rights in that fund determined, would be in that suit.

The judgment of the County Court is right. Judgment affirmed.