Isidor Cohn and Herman Cohn, trading as Cohn Brothers Cigar Company, Plaintiffs in Error, v. Edward M. Malo et al., trading as Sesti & Ash, Defendants in Error.

## Gen. No. 20,409.

1. GARNISHMENT, § 24*—*what assets garnishment process will reach.* Garnishment process will reach only such assets in the hands of the garnishee as can be reached by an action at law, and does not affect assets which are purely equitable.

2. GARNISHMENT—*when defense against nominal plaintiff not available against real party in interest.* In garnishment proceedings, a defense which is good against the nominal plaintiff alone, but which has no merit as between the real parties, cannot be availed of as against a beneficial owner in whose name the action is brought.

3. STATUTES, § 216*—*when construed in accordance with decisions of other States having similar statutes.* Where a statute, such as the Bulk Sales Act, is substantially the same as statutes in other States which have received a judicial construction in the States where adopted, it is to be assumed that the General Assembly, in passing the act intended that such act should receive the construction given it by the courts of such other States, unless such construction is inconsistent with the spirit and policy of our laws.

4. GARNISHMENT, § 24*—*when goods and chattels obtained by void bulk sale from debtor subject to garnishment.* Goods and chattels obtained by a sale from a debtor contrary to the provisions of the Bulk Sales Act, and therefore void as to the creditors of the vendor, may be reached by such creditors in garnishment proceedings.

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed April 12, 1916.

BLUM, WOLFSOHN & BLUM, for plaintiffs in error.

NASH & AHERN, for defendants in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice Goodwin delivered the opinion of the court.

Plaintiffs in error, hereinafter referred to as plaintiffs, brought an attachment suit against defendant in error Malo, hereinafter referred to as the defendant, and made defendants in error Fred Sesti and William Ash, copartners, trading as Sesti & Ash, parties thereto as garnishees. It appears that while the defendant was indebted to the plaintiffs in the sum of $76.25, he sold his entire saloon business, including all fixtures and merchandise, for $2,200 to the garnishees, who did not demand and receive of him a written statement under oath containing a list of his creditors, or send any notice to said creditors in accordance with the terms of the Bulk Sales Law. It appears that at the time of the service of the attachment writ and at the date of the trial, the garnishees had possession of the goods purchased. It was admitted that the defendant himself had no rights against the garnishees. Upon this showing the court discharged the garnishees, and it is to reverse that order the plaintiffs sued out this writ of error.

The act upon which the plaintiffs rely, entitled "An Act to Regulate the Sale or Transfer of Goods, Wares, Merchandise and Other Chattels in Bulk, and to Provide Certain Penalties in Connection Therewith," (Cal. Ill. St. Supp. 1916, ¶¶ 1021-1 to 1021-81) went into operation July 1, 1913, and its constitutionality was sustained by our Supreme Court in *G. S. Johnson Co. v. Beloosky*, 263 Ill. 363. Under the provisions of this statute the failure of the vendee to comply with its terms rendered the sale of the property in question "fraudulent and void as against the creditors of said vendor." The court below, however, sustained the garnishees' contention that these goods could not be reached by garnishee process for the reason that so far as the garnishment proceedings are concerned, the action is one in which the plaintiffs, in effect, maintain

a suit against the garnishees in the name of the debtor for their own use, and that in consequence the plaintiffs can succeed against the garnishees only where the debtor could have maintained his action against them. It may be noted here that the earliest case in which the question of the proper procedure in garnishment proceedings was discussed, is *Stahl v. Webster,* 11 Ill. 511, in which Mr. Justice Trumbull, speaking for the court, stated that in cases of garnishment, "The proper practice would, therefore, seem to be, to enter the judgment against the garnishee, in favor of the defendant in the attachment, for the benefit of such attaching and judgment creditors as are entitled to share in its proceeds." He continued: "There is a peculiar fitness in entering the judgment in favor of the party with whom the debt was contracted, and to whom it is due; and if the judgment exceeds what is due the attaching and judgment creditors, the balance will be for his benefit."

As counsel for garnishees in defense have cited a number of Illinois cases in support of their contention that a plaintiff can proceed against a garnishee only where the defendant could have maintained a successful action against him, we wish briefly to refer to those cases.

In *Cariker v. Anderson,* 27 Ill. 358, the court said, p. 364:

"The object and design of the garnishee process is to subject the debt he may owe the absent or absconding debtor, or his property in the hands of the garnishee, to the payment of the plaintiff's debt. The garnishee, then, is the defendant to the suit, the law institutes in favor of his creditor, the absent debtor, and he is the plaintiff in that suit."

The court in that case reversed a judgment as the suit was brought by the creditor directly against one who should properly have been a garnishee.

In *Webster v. Steele,* 75 Ill. 544, an attempt was made to reach equitable claims of the debtor. The

court, in holding that such claims could not be reached by garnishment, said, p. 547:

"We are entirely satisfied with the construction heretofore given to this statute, that only legal indebtedness can be subjected to garnishment. Equitable indebtedness is not within the purview of the statute. This is plain from the fact, the proceedings authorized can only be had in the law courts, and which are not adapted to ascertaining and adjusting the rights of parties where only equitable interests are involved.

"Our conclusion is, this proceeding cannot be maintained against any of the garnishees, for they are not legally indebted to Webster, in whose name the suit is being prosecuted."

The same conclusion was reached in *Richardson v. Lester*, 83 Ill. 55, which was an action to reach equitable assets. The court said, p. 56:

"We are not aware the execution creditors can assert any rights in regard to the property or the proceeds that Robinson could not. Indeed, the action is in the name of Richardson & Robinson, and if they could not recover in an action against defendants, it follows, as a matter of course, the garnisheeing creditors can not, for if they recover at all it must be in the name of the execution debtors."

The garnishees in that case were lawfully in possession under a chattel mortgage of the property sought to be garnisheed, and the equitable interest of the mortgagors, if any, could not, of course, be reached at law.

In *Wilcus v. Kling*, 87 Ill. 107, Mr. Justice Breese, speaking for the court, said, p. 109:

"It is urged by appellants, that, the process of garnishment being a legal proceeding, given by statute, a party is only entitled to recover such indebtedness as could be recovered in an action of debt or *indebitatus assumpsit* in the name of the attachment or judgment debtor, against the garnishee, referring to *Webster et al. v. Steele et al.*, 75 Ill. 546. That case goes upon the ground the claim sued for must be a legal, not an equi-

table claim, and such an one as would sustain an action of debt or assumpsit, and this is doubtless the proper view.''

It will be seen that in all the foregoing cases the point actually decided was that the plaintiff could only succeed against the garnishee where the assets in his hands could be reached by an action at law, and that the statute did not intend to permit him to reach assets which were purely equitable. This is also, apparently, the ground of the decision in *Chatroop v. Borgard*, 40 Ill. App. 279.

In support of their claim that a judgment creditor cannot recover from the garnishee anything which a judgment debtor himself could not recover, garnishees cite *Hibernian Banking Ass'n v. Morrison*, 188 Ill. 279. The court in that case say, p. 281:

''The general rule is, that a judgment creditor garnisher cannot recover from a garnishee anything which the judgment debtor could not himself recover. Indeed, a garnishee proceeding based upon a judgment is a separate suit in the name of the judgment debtor for the use of the judgment creditor. The fact that the suit is for the benefit of a usee does not enlarge or change the right of the nominal plaintiff, as against the garnishee.''

The court, however, points out that the judgment debtor was engaged in litigating the question of his right to the property in question at the time this suit was brought, and continuing, says:

''Their relative and respective rights were therein presented for adjudication by petitions and pleadings. That court had jurisdiction of the parties and of the subject matter prior to the time plaintiff in error obtained its said judgment against said Blackalls. The rights and lien of plaintiff in error, if any it ever had or acquired by reason of its said judgment or garnishment proceedings, were obtained *lis pendens*.''

In these circumstances, of course, the plaintiff in

error could acquire no greater rights than his judgment debtor.

In *Siegel, Cooper & Co. v. Schueck,* 167 Ill. 522, upon which the garnishees also rely, it appeared that the claim sought to be garnisheed was not one owing from the garnishees to the judgment debtor firm, but to one of the partners alone, and was obviously one which could not be reached by a proceeding at law. The court points out that the debtor firm could not have brought an action against the garnishees, because they were not indebted to it, and therefore as this claim against the garnishees was not the property of the firm, it could not be reached in a garnishment proceeding brought by one of its creditors.

Is the case at bar governed by the cases cited? It is clear that upon the authority of those cases, the plaintiffs' rights in this garnishment proceeding must be worked out upon the theory of an action brought in the name of the judgment debtor against the garnishees. Upon that theory, and assuming this garnishment proceeding to be, in substance, an action brought in the name of the defendants against the garnishees, and for the use of the plaintiffs, can the action be sustained? At common law the beneficial owner of a chose in action or other property could not enforce his claim in a court of law, but later, there grew up the theory of the use plaintiff under which the beneficial owner was permitted to bring his action in the name of the legal owner, but for his own benefit. It was, however, necessary that every step in the case should be taken in the name of the nominal plaintiff.

As early as 1848, however, our Supreme Court, in the case of *Dazey v. Mills,* 5 Gilm. (10 Ill.) 67, so far recognized the party for whom the suit was brought as the real and substantial plaintiff, as to exclude declarations and admissions made by the nominal plaintiff after he had parted with his interest in the subject-matter of the suit. In that case the court said, p. 70:

"It seems to be the tendency of modern decisions to recognize the rights of the beneficial party, and to protect him against the acts of the party possessing the naked legal interest, whenever it can be done without injuriously affecting the rights of the debtor; and subject to this qualification, we are inclined to adopt the rule in its fullest extent."

Very clearly the admissions of the plaintiff would have been admissible against him if he had been suing for his own benefit, but they were excluded as against his usee.

Assuming, then, that an action in *indebitatus assumpsit* had been brought in the name of the debtor for the benefit of the creditor against the garnishees for the value of the goods conveyed, what defense could be made to such an action? It is obvious that if the suit had been brought for the benefit of the nominal plaintiff, no action could be successfully maintained by him because he had been paid. Would this also be a defense to an action brought for the benefit of his judgment creditor? It was very early decided in this State in *McHenry v. Ridgely,* 2 Scam. (3 Ill.) 309, that "when the plaintiff on the record is a mere trustee for another, the defendant may avail himself of any defense, which he might set up against the real owner of the instrument, provided the action had been brought in his name." In other words, for the purposes of the suit, the beneficial plaintiff was from the first considered in this State as the real plaintiff, and defenses good as against him were admitted even where they would not have been good against the nominal plaintiff. This early decision was followed in *Merrill v. Randall,* 22 Ill. 227. The logical corollary to be drawn from this principle which recognizes defenses which are good only against the real plaintiff and not against the nominal plaintiff, is that a defense which is good against the nominal plaintiff alone, but which has no merit as between the real parties, cannot be availed

of against a beneficial owner in whose name the action had been brought.

In *Jones v. Witter,* 13 Mass. 304, the Massachusetts Supreme Court, in an action brought by the assignee in the name of the payee of a note not negotiable at law, held that the defendant having had notice of the assignment before he obtained a discharge from the payee, he could not avail himself of that discharge in prejudice to the assignee. In other words, while the defense was a perfect defense to an action if brought for the plaintiff's own benefit, it was not a defense to an action brought in his name for the beneficial use of the purchaser.

It was also held in *Lamb v. Vice,* 6 Meeson & Welsby, 466, that in an action on a bond brought in the name of the obligee, a defense which would have been good against the nominal plaintiff was not a good defense as against the real party in interest. Lord Abinger, C. B., remarked: "If the defendant had pleaded the bankruptcy of the plaintiff, it would have been a good replication that he was suing merely as trustee."

In the case at bar, so far as the actual parties to this proceeding are concerned, no sale of the goods in question has been made, for it is expressly declared by the statute to be void as between them. That being so, it seems clearly to follow that in a suit brought in the name of the vendor for the use and benefit of his creditor, a sale and payment cannot be set up as a defense which, so far as the real party plaintiff is concerned, does not exist. This conclusion is certainly in harmony with the intimation contained in the opinion of Mr. Justice Cartwright in *Commercial Nat. Bank v. Kirkwood,* 172 Ill. 563, where in speaking for the court, he said, p. 567:

"The law gave to the plaintiff, upon the commencement of its attachment suit, the right to avail itself of debts due to Rush, and, upon obtaining judgment against him, to use his name and recover for its use

whatever might be due from Orr. In so doing it could not, *in the absence of fraud or collusion affecting its rights,* acquire any better right against Orr than Rush would have if he had brought the suit, but it would have the same right." (The italics are ours.)

We think the conclusion indicated above is further borne out by the decision of the Supreme Court in *G. S. Johnson Co. v. Beloosky, supra,* which was an appeal from a judgment in favor of the vendees of property where creditors of the vendors had levied an attachment upon the property sold, basing it upon a failure to comply with the Bulk Sales Act. This judgment was reversed and the rightfulness of the attachment was thereby necessarily sustained. If the goods so transferred by a sale void as to the creditors can be directly attached as the property of his debtor, we see no reason why they may not also be reached by garnishment proceedings. In support of the right of plaintiffs to reach the goods by garnishment proceedings, their counsel have cited *Jaques & Tinsley Co. v. Carstarphen Warehouse Co.,* 131 Ga. 1, which is, in all material respects, similar to the case at bar. In that case, although the general rule that a garnishee's liability to a creditor of the principal defendant is conditioned upon his liability to such defendant is recognized, a distinction is pointed out in the case of a conveyance fraudulent and void as to the creditor. They also cite *Kohn v. Fishbach,* 36 Wash. 69, and *Appel Mercantile Co. v. Barker (Grand Dry Goods Co.),* 92 Neb. 669, 138 N. W. 1133, which are to the same effect. Counsel further maintain that as the Bulk Sales Law here under consideration is substantially the same as that adopted in Georgia, Washington and Nebraska, and as these decisions construing the statute were published long before the enactment of the Illinois statute, the General Assembly in adopting the statute presumably intended that it should receive the construction given it by the courts of the States from which it was adopted. That this is so unless such a

construction is inconsistent with the spirit and policy of our laws, is fully sustained in *ReQua v. Graham,* 187 Ill. 67.

For the reasons given we are of the opinion that goods and chattels obtained by a sale from a debtor contrary to the provisions of the Bulk Sales Law, and consequently void as to creditors of the vendor, may be reached by such creditors in garnishment proceedings. The judgment of the Municipal Court will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*