May *v.* Baker.

CLINTON MAY, Appellant, *v.* JOHN BAKER, for use of S. W. ROBBINS, Appellee.

APPEAL FROM SANGAMON.

Equitable interests in choses in action are not subject to garnishee process. Legal rights only can be garnisheed under our statute.
The proceeding by attachment is in derogation of the common law, and depends entirely upon the statute for its support.

THIS cause was heard before EMERSON, Judge, at June term, 1853, of the Sangamon Circuit Court.

This was a case in the Sangamon Circuit Court on appeal from a justice of the peace, in which Baker was plaintiff, and May defendant. On the trial in the circuit court, the plaintiff offered in evidence two notes given to plaintiff by defendant, and closed his case. Defendant then offered in evidence garnishee proceedings against him as the debtor of one Lock; that said Lock was the owner of said notes at the time the proceedings were had against defendant; and that upon his answer as garnishee, judgment was rendered against him for the amount of Lock's indebtedness. This evidence, offered in the circuit court by defendant, was rejected. A motion for a new trial was overruled, and the ruling of the court excepted to. May, the defendant, appeals.

E. B. HERNDON, for appellant.

S. W. ROBBINS and S. T. LOGAN, for appellee.

CATON, J. The question in this case is, whether the court
8*

decided properly in rejecting the record of the judgment of the justice of the peace in favor of Spear and against May, as garnishee of Lock, which was set up as a defence to these notes. The notes sued on were executed by May, and made payable to Baker. The defendant below offered to prove that Lock had obtained possession of the notes and refused to give them up to Robbins, who claimed to own them. Whereupon Robbins sued him in trover and obtained judgment for the value of the notes, and then offered in evidence the record of the garnishee proceedings before the justice, in which May had answered that he was indebted to Lock on these notes, who, he was informed, was the assignee of the notes which were then overdue, and that he had no knowledge of the notes having been transferred by Lock, and that, on the day of his answer, Lock had demanded money of him on the notes. Upon this answer, the justice rendered the judgment against May, as a debtor of Lock, in favor of Lock's creditor. Proof was also offered, to show that this judgment was subsequent to that of Robbins against Lock in the trover case, for the value of the notes, and that Robbins had taken the notes in satisfaction of that judgment.

We think all this evidence was properly rejected by the circuit court. With the understanding we have of our statute, the inquiry as to whom the notes in equity belonged to, was entirely immaterial. We think that only legal rights can be garnisheed under our statute, and that the justice of the peace had no right to render a judgment against May, as the debtor of Lock, admitting that he had an equitable interest in the notes, and even had possession of them. The garnishee process may be served upon those " who are in anywise indebted to the defendant;" and the person thus served shall " answer upon oath what amount he or she is indebted to the defendant in the attachment." If the garnishee " shall upon oath deny all indebtedness to the defendant in the attachment," " the justice shall forthwith discharge him, unless the plaintiff in the attachment shall satisfy the justice by other testimony, that the garnishee is indebted to the defendant in the attachment;" "in which case, the justice shall give judgment in the premises, according to the right and justice of the cause, and issue execution, as in other cases." We think that a legal indebtedness is here meant; such an indebtedness as could be enforced in a court of law, in an action brought by the defendant in the attachment against the garnishee. This attachment proceeding is strictly of a legal, and not of an equitable character, and being in derogation of the common law, it is dependent entirely upon

May *v.* Baker.

the statute for its support. It could never have been the intention of the legislature to allow the justices' courts to go beyond the legal liabilities of the garnishees, and inquire into the equitable claims of other persons than those in whom the legal title to the debt was vested, and who were not before the court to protect those rights. It is not pretended that the rights of the legal holder could be barred or affected by such proceeding; and so long as that is the case, it would often subject garnishees to the greatest hardships and the grossest injustice, to compel them, who in most cases would be totally ignorant on the subject, to defend the equitable title of the legal holder, and if they could not successfully defend such equitable right, render a judgment against them, and thus subject them to the liability of paying the debt twice. No party should ever be compelled to pay a debt by a judgment at law, unless the record of that judgment will protect him from a second demand to pay the same debt. He may, it is true, place himself in that dilemma by his own injudicious admissions; but then it is his own fault, and not that of the law. But where he admits nothing but the truth, and those admissions show that the legal title is in another than the defendant in the attachment, he should not be subjected to a judgment. Had a suit been brought by Lock upon these notes, so long as the legal title was in Baker, no judgment could have been rendered against May, although he might have stood up in open court and admitted, in the broadest and most unequivocal terms, that the entire equitable interest was in Lock.

Whenever the legislature has seen fit to subject equitable rights and interests to legal process, they have expressed themselves in clear and positive terms. This is the case with the statute which subjects equitable interests in land to sale upon executions at law; and we cannot doubt that they would have expressed themselves with equal clearness, had they designed to have subjected equitable interest in choses in action to the garnishee process. The embarrassments which such a provision would produce must have been readily foreseen, and were no doubt intentionally avoided. We are of opinion the circuit court decided properly in rejecting the evidence offered, and in rendering judgment for the plaintiff for the amount due upon the notes, and that judgment must be affirmed.

*Judgment affirmed.*