## ALMON B. IVES

### *v.*

## WALTER VANSCOYOC, use, etc.

1. BILL OF EXCEPTIONS—*what it should contain—presumption.* Where the bill of exceptions shows the fact that the court gave instructions asked by a party, but does not set them out, this court can not say there is error in refusing others which are preserved, as those given may have comprised the substance of those refused.

2. But where the bill of exceptions contains instructions refused by the court, and makes no allusion to any instructions except those refused, this court can not presume others were given embodying the substance of those refused.

3. GARNISHMENT—*unsettled partnership account.* Unsettled partnership accounts can not be adjusted in a garnishee proceeding. When one partner is garnisheed as the debtor of his co-partner, all unsettled partnership claims and accounts will be excluded from the consideration of the jury.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. BLOOMFIELD, POLLOCK & CAMPBELL, for the plaintiff in error.

Messrs. STEVENSON & EWING, for the defendant in error.

Mr. Justice Scholfield delivered the opinion of the Court:

Appellees having a judgment against Walter Vanscoyoc, caused a writ of execution to be issued thereon and levied on his undivided interest in a certain building used as a grain elevator, and the machinery and tools therewith connected. Appellant applied for and obtained from the proper court, a temporary writ of injunction, restraining the sheriff from selling the property levied on to satisfy the writ of execution, upon the ground that he was the sole owner of the property, and that Walter Vanscoyoc had no interest therein when the judgment, to satisfy which the levy was made, was rendered; and this injunction, on final hearing in the court from which it was issued, was decreed to be perpetual. The sheriff thereupon returned the execution, "*nulla bona*," and appellees took the necessary preliminary steps and caused appellant to be summoned as garnishee.

Interrogatories were filed by appellees, to which appellant made answer that he was in no manner indebted to Walter Vanscoyoc, at the time the writ was served. Issue was taken by appellees on this answer, and the question was submitted to a jury, who returned a verdict that defendant was indebted to Walter Vanscoyoc, at the time the writ was served, in the sum of $419.61. Motion for new trial was made by appellant, and overruled by the court, and judgment was given in conformity with the verdict. Subsequently, appellees obtained leave and amended their affidavit; and the defendant likewise obtained leave, and amended his answer to the interrogatories, by denying that the execution was properly returned, " no property found," and setting up that the return thereon shows that Walter Vanscoyoc had property subject to execution, which was duly levied upon, and not disposed of before he was summoned as garnishee.

It was proved on the trial, that appellant and Vanscoyoc, by agreement, built a grain elevator at Arrowsmith, in McLean county, on land owned by the railroad company for right of way, in which they were equal partners, and which they ope-

rated as such for a short time. Mutual claims of indebtedness were incurred, the particulars of which it is unnecessary to state; and, in May, 1872, they had, or attempted to have, a settlement. Appellant claims, and so testified as a witness, that they did settle, and that he became the owner of all the partnership property; that there was a balance due him from Vanscoyoc, of $563.98, which was to be applied in payment for the engine, which appellant was to have, and if the engine was worth more than that amount, appellant was to pay Vanscoyoc the difference.

Vanscoyoc testified that they had no settlement, and claimed that he was still the owner of one-half of the elevator and entitled to one-half of the profits of the business; and also claimed that appellant was largely indebted to him. Five witnesses testified, on behalf of appellees, as to the value of the engine at the time of the settlement claimed by appellant, fixing it, variously, at sums ranging from $1000 to $1500. Seven witnesses testified, at the instance of the appellant, on the same subject, fixing the value at sums varying from $400 to $450.

The following instructions were asked by appellant and refused by the court; to which proper exception was taken to bring the ruling before us for review:

"1. If the jury find that the evidence in relation to the value of the engine preponderates in favor of the defendant, then as to that issue the jury should find for the defendant, and fix the value of the engine at the amount it was worth, as shown by a preponderance of the evidence.

"2. If the jury believe, from the evidence, that Walter Vanscoyoc and the defendant made an agreement to construct an elevator, to be owned jointly by them, and to run the same and share equally the proceeds, then they were partners as to the running of such elevator; and unless the accounts for such proceeds have been settled between said partners they can not be allowed by the jury in this proceeding.

"3. If the jury believe, from the evidence, that Walter Vanscoyoc and the defendant made a settlement of the

accounts between them in relation to the elevator, then even though there may have been mistakes in such settlement, and items omitted therefrom by mistake, yet such mistakes can not be corrected in this proceeding, and can only be corrected by a proceeding in chancery.

"4.   The court instructs the jury, that unsettled partner-. ship accounts can not be settled in this proceeding, and if the jury believe, from the evidence, that all the accounts or claims offered in evidence are unsettled partnership accounts between Walter Vanscoyoc and the defendant, then the jury should find for the defendant; or, if any part of said claims are such unsettled partnership accounts, they will disallow all such as they believe, from the evidence, are unsettled partnership accounts between said Vanscoyoc and the defendant."

The point is made, by the counsel for appellees, in answer to the error assigned on this ruling, that the bill of exceptions does not preserve the instructions which were given on either side, nor does it state that the refused instructions were the only instructions asked by appellant, and, therefore, on the authority of *Truesdale* v. *Ford*, 37 Ill. 210, and *Weyhrich* v. *Foster*, 48 Ill. 115, we can not know whether it was error to refuse the instructions. The objection to this position is, in those cases the bills of exceptions showed that instructions were, in fact, given, which were not incorporated in the bills of exceptions; and that those refused were but a part of those asked.

It was said, in the last named case: " It appears, however, that the court gave a part of the instructions asked by him (the appellant), and those thus given are not contained in the record, *non constat* but that they comprised the substance of those refused." Here, it does not appear that any instructions were given. No allusion is made, in the bill of exceptions, to any instructions, except those refused. Not being informed that there were other instructions, there is nothing for us to presume as embodying the substance of these.

There was evidence to which these instructions might have

been applicable; and they seem to assert correct legal principles. It is undoubtedly true, as contended by counsel for appellees, that adopting appellant's version, that there was a full and final settlement of the partnership transactions between appellant and Vanscoyoc, leaving a balance of $563.98 due appellant, and that appellant was to take the engine, and pay Vanscoyoc any difference there might be between the $563.98 and the value of the engine, the only question of fact for the jury would be the value of the engine; and we would hardly be justified in setting their verdict aside because they had estimated it of greater value than that fixed by appellant's witnesses.

But from what are we to determine that this was the process by which the jury reached the conclusion announced in their verdict? Appellees gave evidence to prove that there was no settlement between appellant and Vanscoyoc, and that appellant was largely indebted to Vanscoyoc in their partnership transactions. They did not withdraw this evidence from the jury, nor, so far as the record discloses, inform them that it was not to be considered in making their verdict; and, for aught that we can know, it may have induced the verdict as returned. At all events, this view of the case is not shown to have been distinctly and fairly presented to the jury, and, therefore, however plausible it may be, in itself, we can not assume that the jury acted on it.

As the record before us is made up, we must hold the court erred, in refusing to give the instructions asked by appellant. Since this necessitates a reversal and a new trial, it is unnecessary to discuss the effect of the amendment allowed to be made to appellant's answer to the interrogatories. On the next trial, the answer will be before the court as amended, and it will, doubtless, then receive such consideration as it deserves.

The judgment is reversed and the cause remanded.

*Judgment reversed.*