THE LACLEDE BANK

*v.*

CHAUNCEY H. KEELER.

*Filed at Mt. Vernon June 21, 1882.*

1.  ATTACHMENT—*equitable interest in land subject thereto.*  Under the act of 1869, amendatory of the chapter of the Revised Statutes of 1845, entitled "Attachments," equitable interests in lands were made subject to attachment to the same extent as legal titles.

2.  SAME—*interpleader—of the issues to be tried.*  This amendment was intended to obviate the prior rulings of this court that equitable interests were not liable to attachment, but not to change the law as it then stood relating to the trial of issues made on interpleader by third parties claiming the property.

3.  Where a third party interpleads in an action by attachment, claiming the land attached, and an issue is formed as to whether the debtor has an equitable interest subject to the writ, that issue should be submitted to a jury, and it is error for the court to refuse to submit it, or to exclude evidence tending to show such equitable interest in the debtor.

4.  A third person filed an interpleader in an action by attachment, claiming to be the owner of the land attached.   The attaching creditor replied that although the deed under which the claim was made was absolute in form, it was but a mortgage to secure the payment of $7756, and the land was worth $15,000, to which the claimant rejoined, denying that the deed was a mortgage.   On the trial the claimant under the deed proved the execution of a deed from the grantee of the attachment debtor, when the plaintiff offered to prove that the deed from the debtor was in fact only a mortgage, made to secure $7756, and the value of the land, and also that claimant, when he received his deed from the grantee of the debtor, knew his grantor only held the title as a security for the debt named, and also knew of the levy of the writ when he took such deed, all of which evidence the court refused to admit:  *Held,* that the court erred in rejecting the proposed evidence.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action brought in attachment by the Laclede Bank against Chauncey H. Keeler.   The writ was levied upon a certain tract of land in St. Clair county.   The St. Louis Carbon Works Company, at the first term, filed an inter-

pleader, setting up that it was the owner of the land levied upon; that July 1, 1881, Keeler, for a good and valuable consideration, sold and conveyed it to one H. A. Haeussler, and that the deed was recorded July 9, 1881, before the attachment was levied; that on September 9, 1881, Haeussler conveyed the same land to the interpleader, which is now used by it in carrying on its business, wherefore interpleader prays that the land may be released from the attachment. To this plea the plaintiff replied:

1. That the interpleader is a corporation of the State of Missouri, and has no right or franchise to take land in Illinois.

2. That there is no such corporation as the interpleader.

3. That the deed from Keeler to Haeussler was in fact a mortgage given to secure an indebtedness due from Keeler to Haeussler, and that Keeler had an equitable interest in the land at the time of the levy, of all which the interpleader had notice.

4. That the deed from Keeler to Haeussler was made for the purpose of hindering and delaying plaintiff, who was then a creditor of Keeler, as Haeussler well knew, and whereof the interpleader had notice.

The court sustained a demurrer to the first and fourth replications, and overruled the same as to the second and third. The plaintiff also filed a fifth replication, that the deed from Keeler to Haeussler was, when made and when the attachment was levied, a mortgage given to secure an indebtedness of $7756, due from Keeler to Haeussler, and that the land was worth $15,000, of all which interpleader had notice when it took its deed from Haeussler. A demurrer having been overruled as to the fifth replication, the interpleader rejoined as follows: "To the fifth replication, denying that such deed from Keeler was a mortgage, and averring that it was a deed absolute; also, a second rejoinder, denying the value of the land as alleged, and the fact it had notice of the character of Keeler's deed. To the third repli-

cation the rejoinder denied that Keeler's deed was a mortgage, and that Keeler had any equitable interest in the land, and that interpleader had notice as alleged."

The other material facts sufficiently appear in the opinion.

Mr. CHARLES W. THOMAS, for the appellant:

Section 29 of the Attachment act provides that any person, other than the defendant claiming the property attached, may interplead without giving bail, when a jury shall be called to try the right of property. This section was a part of the Attachment act of the revision of 1845, and when it became law, and until March 31, 1869, no equitable interest in land held or claimed by a defendant was liable to attachment. *Lowry* v. *Wright*, 15 Ill. 95; *West* v. *Schnebly*, 54 id. 523; *Farrar* v. *Payne*, 73 id. 82.

Under the law as it then stood nothing but the legal title to land could be inquired into upon the trial of issues made upon interplea in an attachment suit. (*City Ins. Co.* v. *Commercial Bank*, 68 Ill. 348.) But by the act of 1869, (Rev. Stat. chap. 11, sec. 8,) a debtor's equitable interest or estate in land was made liable to attachment. This renders the prior decisions under the former law nugatory. To allow the party holding the legal title to interplead, and not allow the creditor to show the debtor has an equitable interest subject to the levy, is to abrogate the law of 1869, which was never intended.

Mr. R. A. HALBERT, and Mr. C. F. NOETLING, for the interpleader:

Section 29 of the Attachment act, allowing a third person to interplead and claim property attached, extends to real estate attached. *City Ins. Co.* v. *Commercial Bank*, 68 Ill. 349; *Needham* v. *Clary*, 62 id. 344.

The only question which the court could try under the statute was, who was the owner of the land at the date of

the levy, and on this issue the court decided in favor of the party interpleading, as no title to said property could be shown in Keeler when the levy was made. Nothing but the legal title could be inquired into. *City Ins. Co.* v. *Commercial Bank*, 68 Ill. 348.

The levy was not upon any equitable interest of Keeler in the land, but the levy was upon the land as the absolute property of Keeler, and this the party interpleading proved it was not.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The only question presented on this record is, whether, in an attachment suit, where land has been levied on, and a third party interpleads, setting up title, and there is a replication, though the deed is absolute in form, that it was intended to be and was but a mortgage, the court can try the issue, or must it be referred to a court of equity. The act of 1869, amendatory of the chapter entitled "Attachments," Rev. Stat. 1845, provides, that "such officer shall, without delay, execute such writ of attachment upon the lands, tenements, goods, chattels, rights, credits, moneys and effects of the debtor, or upon any lands or tenements in and to which such debtor has or may claim any equitable interest or title of sufficient value to satisfy the claim sworn to, with costs," etc. (Laws 1869, p. 355.) It is under this provision that the issue was made in this case.

Under the law as it stood in 1845, it was held that an equitable title or interest in lands was not the subject of attachment, (*May* v. *Baker*, 15 Ill. 89, and *Lowry* v. *Wright*, id. 96,) and such proceedings were held void when the defendant was not served with process. (*West* v. *Schnebly*, 54 Ill. 523.) The evident purpose of the amendment was to render equitable interests in lands subject to attachment to the same extent as legal titles. Of this there can be no question. And in adopting the amendment no

change was made in the law, as it then stood, by which the issues shall be tried and the equities settled and the property should be sold. The practice of interpleading where land is levied on under a writ of attachment, is recognized in the case of *Needham* v. *Clary*, 62 Ill. 344. The question in that case arose out of a levy on land under such a writ, and the practice was not challenged, nor is any reason perceived why a jury may not try the legal title to land on an issue made by interpleader as well as under an issue in ejectment. Whilst this is true as to legal titles, it is denied that such a mode of trial is applicable to settling equitable interests of the parties.

The question is then presented as to the mode in which the issue shall be tried. The statute in terms provides that when the issue is made on filing an interpleader, the court shall cause a jury to be impanelled to try the issue. Nor does the statute make any distinction between legal and equitable titles. It is peremptory that the issue shall be tried, and tried by a jury. Had the law-makers intended that in case a levy was made on an equitable interest in land, a trial should be had on a creditor's bill, it would have been so provided; or had it been intended that the equities should be settled by the judge, and not by a jury, such issues would have been excepted, and the judge been required to try them; and failing to so provide, we can not thwart the intention of the statute, but must enforce it as we find it.

It is claimed that the court should have rendered judgment for the sale of the land, notwithstanding the interpleader, and have left the parties, on a bill to be subsequently filed, to have settled the question whether the defendant held an equitable title to the land. This would be in violation of the requirements of the statute. Here the interpleader claimed that he held the legal title to the land; but the attaching creditor replied that although the deed was absolute in form, it was but a mortgage to secure the payment of $7756,

and the land was worth $15,000. To this replication the interpleader rejoined denying the averment that the deed of conveyance was a mortgage, and on this an issue was formed, and the case was submitted to the court for trial, plaintiff reserving the right to insist the court had no jurisdiction to try this issue. On the trial the claimant under the deed proved it was a corporation organized under the laws of Missouri, and the execution of the deed to it by defendant Haeussler, the grantee of Keeler, which was all the evidence heard in the case. But plaintiff offered to prove that the deed was in fact but a mortgage, made to secure $7756 due from Keeler to Haeussler, and the property was worth $15,000, and that the St. Louis Carbon Works Company, when it received the conveyance of the property from Haeussler, knew he only held it as a mortgage; but the court rejected the evidence, and refused to permit plaintiff to prove such facts. He also offered to prove that defendant in attachment, at the levy of the writ, had and claimed an equity of redemption in the premises, and the company had notice of such facts, and of the levy of the writ of attachment, when it received the deed from Haeussler mentioned in the plea; but the court rejected the evidence, and held plaintiff's only remedy was in equity. The court found that the land was not subject to the attachment, as shown by the interpleader, and quashed the writ, but rendered judgment against the defendant for the amount claimed in the affidavit praying the writ. .

We have seen that an equitable interest in land is authorized to be levied on in attachment, and an interpleader may set up title by plea, and an issue formed and a jury impanelled to try the issue. Here an issue was formed to be tried whether this deed, although absolute in form, was not in fact a mortgage, and whether the claimant under the deed did not have notice of that fact, and that the levy had been made, when the purchase was made from Haeussler. This issue was simple and free from difficulty, and any jury was

competent to determine it on evidence adduced; and had the issue been submitted to a jury, it would have been error had the court rejected the evidence offered by plaintiff, and it was equally error for the court to refuse to hear and give due force to its weight.

In the case of *The City Insurance Co.* v. *Commercial Bank*, 68 Ill. 348, it was held that in a claim by an interpleader the court would not determine the equities of the creditors of an insolvent corporation, the assets of which were in the hands of a receiver, who were not parties to the attachment suit; but it was not held that the equitable rights of the interpleading receiver would not be determined. That case, therefore, in nowise conflicts with what we hold in this case, and for the error indicated the judgment of the court below is reversed.

*Judgment reversed.*