## JOHN V. FARWELL ET AL.
### v.
## ROBERT E. JENKINS.

1. PLEADING—ATTACHMENT.—As the statute formerly was, a plea in abatement was the only form in which a traverse of the facts stated in the affidavit for attachment could be made; but as the statute is, since the revision, it is not so specially provided; and as to whether or not a plea verified by affidavit according to the statute traversing the facts stated in the affidavit for the attachment would still have to be in form a plea in abatement, *quære.*

2. SAME—INTERPLEA BY ASSIGNEE OF INSOLVENT DEBTOR.—It is competent for the assignee of insolvent debtors, when his assignors have refused to traverse the facts stated in the affidavits upon which an attachment suit had issued against them, not because those facts were true but because of collusion with the plaintiffs in the attachment suits, upon leave of court to intervene by interplea, setting up the assignment and his title to the property and to traverse in the same plea the alleged facts on which the attachment writ issued.

3. SAME—VERIFICATION.—Such a plea being one which introduces new matter must conclude with a verification.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed April 7, 1886.

This was an action by appellants, John V. Farwell & Co. against Barber & Hartman, upon a promissory note, bearing date October 21, 1885, whereby the defendants promised to pay the plaintiffs on demand, the sum of twenty-seven thousand six hundred sixty-two dollars and sixty-two cents. October 30, 1885, an attachment in aid was sued out and levied upon a quantity of goods of defendants, Barber & Hartman. By special leave of the court, (Barber & Hartman not appearing to contest the case or attachment proceedings) Robert E. Jenkins, December 15, 1885, interpleaded, and in his plea, which was verified by his own oath, set up that the goods seized by the attachment writ were the property of Barber & Hartman at the time of the seizure, October 31, 1885, but that November 2, 1885, the

said goods remaining their property, they executed to him, said Jenkins, a general assignment, under the statute, of all their property, for the benefit of their creditors, whereby he, the said Jenkins, became and was invested with all the right, title and interest of said Barber & Hartman, in and to all their property, including that in said goods. The plea then proceeded to traverse all the facts stated, as the grounds for issuing said attachment, in the affidavit for the same, concluding to the country. To that interplea the plaintiffs filed a special demurrer. First. That said interplea does not conclude with a verification, but to the country. Second. That said interplea contains no prayer for judgment. The court overruled said demurrer, and plaintiffs elected to stand by their demurrer. Judgment was entered quashing the attachment and plaintiffs bring the record to this court by appeal.

Messrs. TENNEY, BASHFORD & TENNEY, for appellants.

Messrs. HODGES & SHIPPEN, for appellee.

McALLISTER, J. There being no bill of exceptions, the only questions that legitimately arise upon this appeal, must be upon the action of the court in sustaining the interplea of Jenkins, by overruling the plaintiff's demurrer thereto. The first objection taken here to that plea is that it is not a plea in abatement, but that it traverses the facts stated in the affidavit for the attachment, which, under the statute, can be done only by the defendants in the attachment, and by a plea in abatement. As the statute formerly was, a plea in abatement was the only form in which said traverse could be made. But, as the statute is since the revision, it is not specially so provided. Section 27 of the Attachment Act reads: "The defendant may plead traversing the facts stated in the affidavit upon which the attachment issued, which plea shall be verified by affidavit." Perhaps, by virtue of the provision of section twenty-six, the plea would be, in its nature, a plea in abatement, inasmuch as its purpose is to quash the writ. That section declares: "The practice and pleadings in attachment suits, except as otherwise provided in this act, shall con-

form, as near as may be, to the practice and pleadings in other suits at law." 1 Starr & Cur. Stat. pp. 320-321.

So that, where the defendant in the writ pleads traversing the facts stated in the affidavit, it may be that the plea, notwithstanding the change in the words of the statute, would still have to be, in form, a plea in abatement. But the interplea under consideration is not controlled by that view. Section 29 of the Attachment Act, says: "In all cases of attachment, any person, other than the defendant, claiming the property attached, may interplead, verifying his plea by affidavit, etc. Then section eleven of the act concerning voluntary assignments (1 Starr & Cur. 1396) gives the assignee the same power over the estate of the assignor as he himself had, at the time of the assignment; power to sue for and recover in the assignee's own name everything belonging to the assigned estate ; power to do whatsoever the assignor might have done in the premises. Now, giving to these several provisions a fairly liberal construction with reference to their objects and purposes, as the courts should do, it seems to us entirely clear, that if the defendants in the attachment in this case refused to traverse the facts stated in the affidavit upon which that writ issued, not because those facts were true, but because, by collusion with the plaintiffs, they desired to give them a preference in fraud of the statute, or even without any fraudulent purpose, it was competent for the assignee of those defendants, upon petition to and leave by the court, to intervene by interplea, setting up the assignment and his title to the property, and for the purpose of preventing the injustice of the property of the defendants in the attachment being wrested from their other creditors, without any foundation in truth and in fact for such attachment, to traverse in the same plea the alleged facts on which that writ issued. Waples on Attachment, p. 480; Bamberger v. Halberg, 78 Ky. 376 ; Davis v. Eppinger, 18 Cal. 377 ; Speyer v. Ihmels, 21 Cal. 279.

While it was competent for Jenkins to come in by interplea, yet in the frame of the plea he was, under the provisions of section twenty-six aforesaid of the Attachment Act, subject to the general rules of pleading. He, by his interplea, intro-

duced new matter into the pleadings, viz., the assignment under the statute, by the defendants in the attachment, to him, averring title to the goods which had been seized under that writ ; and the interplea concludes to the country, thus depriving the plaintiffs of opportunity of answering such new matter.    That was assigned as special cause of demurrer. Chitty says: "It is an established rule in pleading, that whenever new matter is introduced on either side, the pleading must conclude with a verification, in order that the other party may have an opportunity of answering it." (1 Chit. Pl. 557.)   Bailey v. Smith, 1 Root, 243; Service v. Heermance, 1 Johnson, 91; McClure v. Irwin, 3 Cow. 313.    It is the practice in this State, where the interplea sets up a conveyance or title to the property, to conclude the plea with a verification. Laclede Bank v. Keeler, 103 Ill. 425.

For the error in overruling the special demurrer of plaintiffs to the interplea, the judgment must be reversed and the cause remanded.

Judgment reversed.