Theresa Byers, lately known as Mrs. T. R. Creak, for use of John E. Wright, Plaintiff in Error, v. Illinois Trust & Savings Bank, Garnishee, and James C. Byers, adverse claimant, Defendants in Error.

## Gen. No. 14,260.

1.  GARNISHMENT—*character of proceeding.* A garnishee proceeding although brought on the law side of the court is a statutory one and in its nature equitable. Rules of an equitable nature obtain in arriving at a conclusion upon which the decision rests.

2.  GARNISHMENT—*when interplea determined in favor of husband of debtor.* Held, from the evidence in this case that the money in the hands of the garnishee belonged to the husband of the judgment debtor and was not subject to be reached by garnishment process.

Garnishment. Error to the Municipal Court of Chicago; the Hon. JOHN C. SCOVEL, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed February 15, 1909.

HORACE C. BENNETT and ENOCH HARPOLE, for plaintiff in error.

WILLIAM F. THOMAS and GEORGE SCHRIBER, for defendants in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

James C. Byers married Mrs. T. R. Creak, a widow, on August 17, 1907. The widow Creak on May 2, 1907, suffered John E. Wright to recover against her a judgment for $49 and costs of suit. This judgment remained unsatisfied at the time of her marriage to Byers. On October 14, 1907, this proceeding of garnishment was commenced in the Municipal Court against Theresa Byers, formerly Creak, to subject the money on deposit in her name with the Illinois Trust & Savings Bank to the payment of Wright's judgment for $49. At the time of the service of process on the Bank there was to her credit in two savings accounts, the sum of $455 in one, and $11.03 in her former name of Creak in the other. James C. Byers, the husband, appeared in the proceeding and claimed that all of the $455 to the credit of his wife in her account as Theresa Byers was his money, in which his wife had no interest. After a hearing before the trial judge, a jury having been waived, the claim of James C. Byers was sustained and a judgment rendered against the Bank for the use of Wright for $11.03, the amount on deposit belonging to Mrs. Byers formerly Creak. From this finding and judgment Wright prosecutes this writ of error.

The undisputed facts in relation to the $455 deposit in the Bank in the name of Mrs. Byers are, that at the time of Byers' marriage to Mrs. Creak he had on deposit in the Bank of Montreal the sum of $480; that on August 24, 1907, he withdrew the $480 from the Bank of Montreal, with the intention of using the same

in the purchase of real estate, but did not carry out that intention. On August 26, 1907, he gave Mrs. Byers the $480 for the purpose of having her deposit it in the Bank in his own name. Mrs. Byers went to the garnishee Bank and endeavored to open with it a savings account in her husband's name. This, she was informed, she could not do in the absence of her husband, and it was thereupon suggested to her that she could put the money in the Bank in her own name in a separate account from the one she already had, and that her husband could attend later and have the account changed to his own name. She followed this suggestion and a new account was opened in her name and the $480 deposited. On September 16, 1907, Mrs. Byers drew from the account $200, which her husband paid upon a contract of purchase of real estate in his own name. On September 24, 1907, James C. Byers had $175 which he had obtained for work done by him, which he gave to his wife, who took it to the Bank and deposited it in the account which she opened on August 26, 1907. This left a balance in that account of $455. Byers was a carpenter, and being busy did not wish to lose the time from his work necessary to visit the Bank, which was some distance from his business, intending, however, to do so at a more convenient season and change the account to his own name, in accord with the suggestion made by the Bank's representative at the time his wife deposited his $480.

The dispute between the parties presents for determination the question whether the $455 in Bank in Mrs. Byers' name, was her money or the money of her husband, who claims it.

A garnishee proceeding, although brought on the law side of the court, is a statutory one and in its nature equitable. Rules of an equitable nature obtain in arriving at a conclusion upon which a decision rests. It is quite apparent that Wright, who sues out the writ of garnishment in virtue of his judgment against the widow Creak, now the wife of James C. Byers, can have

no greater title to the money sought to be garnisheed than would Wright's judgment debtor. This is an inflexible rule, which is never relaxed unless, by the action of the parties, the plaintiff has been induced to part with his property in faith of the surface appearances being the true condition. Nonotuck Silk Co. v. Levy, 75 Ill. App. 55. Here Wright procured his judgment before the marriage of Mr. and Mrs. Byers. At no time is it pretended that Byers gave his money in the Bank of Montreal to his wife for her own use. Her possession of it was as his agent only and for a temporary convenience. The very fact that $200 drawn by Mrs. Byers was used toward the payment of real estate contracted to be bought in her husband's name, lends strong corroboration to Byers' claim. On no theory under the facts in proof could Mrs. Byers claim ownership of the money. It was the money of Byers and in law he has not done anything which will operate to divest him of its ownership. He did not give the money to his wife, or any part of it. What he did was to entrust it to her keeping for security as his agent until a time convenient for him to attend on the Bank and arrange to open an account in his own name.

Hauk v. Van Ingen, 196 Ill. 20, cited by counsel for Wright to sustain their contention that when the wife deposits money of her husband in bank to her own credit, with his knowledge, that it becomes subject to garnishment at the instance of such wife's creditors. But this case does not so decide. Neither does it announce any such doctrine. That was a creditor's bill to reach the property of the husband conveyed to the wife in fraud of the rights of creditors of the husband existing at the time of the transfer of the property sought to be subjected to the payment of such creditors' claims. Nor is this case akin to People v. State Bank, 36 Hun (N. Y.) 607. In the State Bank case the husband gave the money in bank to his wife to please her. As between husband and wife that consideration was a good one, sufficient to vest her with such title

to the money that against her protest put it beyond recall by the husband. As far back as Seuder v. Ridgeway, 49 Ill. 522, it was held in a garnishee proceeding that it was competent to prove whether the money due under a promissory note, payable to the wife, was not in fact the property of the husband. Under the authority of Hair, use., etc., v. The Northwestern National Bank, 50 Ill. App. 211, the Bank in this case would have been authorized to pay $455 to Byers upon his making claim for it, he being the principal to whom the money belonged, and his wife having deposited it in the Bank in her own name as agent of her husband. In the Hair case, *supra,* this court say: "It has from time immemorial been to some extent customary for agents to do in their own name the business of principals; in such case the principal, when discovered, may be sued and held as such, or he may voluntarily come forward and claim the benefit of the contracts made and business done by the agent. Meachem on Agency, Secs. 695, 696, 701, 769."

The judgment of the Municipal Court being right is affirmed.

*Affirmed.*