## J. N. Bras, Appellee, v. John H. McKinstry, Appellant.

1. ATTACHMENT—*what not within the jurisdiction of the County Court.* It is not within the jurisdiction of the County Court in an attachment proceeding to determine the title and ownership to real estate as between the defendant and a garnishee.

2. GARNISHMENT—*what not subject to.* Equitable estates are not subject to garnishment.

Appeal from the County Court of De Witt county; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the November term, 1910. Reversed. Opinion filed October 14, 1911.

E. J. SWEENEY and E. B. MITCHELL, for appellant.

INGHAM & INGHAM, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

J. N. Bras, appellee, began an action in attachment in the County Court of DeWitt county against the Panhandle Pecos Valley Land Company, a corporation of the State of Missouri. No personal service was had upon the defendant corporation. The writ of attachment was levied upon certain town lots located in the city of Clinton, Illinois, as property of the defendant corporation, and appellant, John H. McKinstry, was named and served as garnishee in said attachment. No property was levied upon in the writ of attachment except the real estate and appellant, John H. McKinstry, was served as garnishee because the title to this real estate was in him, the contention of appellee being that the real estate belonged to the defendant corporation and that it was the real owner notwithstanding the fact that the title was in John H. McKinstry, appellant. Appellee filed interrogatories

for appellant garnishee to answer; these were answered by him fully and completely, denying that he held any property belonging to the defendant corporation or that he was indebted to said corporation in any amount. It is not contended by appellee that John H. McKinstry, garnishee, was indebted in any manner to the defendant corporation or held or had any property belonging to it unless the said real estate was so held. Appellee traversed the answers of appellant garnishee and upon the issues thus formed the County Court of DeWitt county proceeded to determine the rights of the garnishee and the defendant in the attachment on this real estate and to determine whether the real estate was owned by the defendant corporation or by garnishee. Upon the hearing the County Court found and entered judgment that John H. McKinstry, garnishee, was not the owner of the said real estate but that the same was owned by the defendant corporation, and rendered judgment against the defendant, Panhandle and Pecos Valley Land Company, in the attachment and awarded a special execution for the sale of the lands levied upon. From that judgment, appellant prosecuted this appeal.

By this proceeding and by its judgment the County Court has assumed under its common law jurisdiction to determine a question of title to real estate, and has by its judgment held that John H. McKinstry, the owner of the record fee title to this property, is not the real owner thereof, but that said real estate is owned by and is the property of the Panhandle and Pecos Valley Land Company. A County Court has no equitable jurisdiction or power to determine the rights of parties to real estate in a proceeding of this character. It has no power to determine the question as to whether this real estate belonged to the defendant corporation or to the garnishee. The question as to whether he was the legal owner thereof cannot be determined by the County Court. If the real estate

equitably belonged to the defendant corporation, the fact that the record title was vested in the garnishee deprived the County Court of any right or power to determine the rights of the parties thereto in the garnishment proceeding, even if the County Court had jurisdiction to determine a question of title to real estate. In a garnishment proceeding the judgment creditor can only recover from the garnishee such property or effects as the judgment debtor might recover from him in an action at law. With the legal title to the real estate in John H. McKinstry, garnishee, the defendant, Panhandle and Pecos Valley Land Company, could only recover it in an action in equity. Equitable estates are not subject to garnishment. Webster v. Steele, 75 Ill. 544; Ives v. Vanscoyoc, 81 Ill. 120; May v. Baker, 15 Ill. 89; Dressor v. McCord, 96 Ill. 389.

It is unnecessary for us to determine the other questions raised upon this record.

The judgment of the County Court is reversed.

*Reversed.*