Samuel A. Kean for use of Clarence S. Argo et al., for use of William E. Sweeney for use of Marian H. Sweeney, Defendants in Error, v. Anna R. Kean, Impleaded with The First National Bank of Chicago, Plaintiff in Error.

## Gen. No. 17,335.

1. HUSBAND AND WIFE—*right of wife to pay husband's debts.* A wife may use her money deposited in a bank to pay her husband's debts and for this purpose may permit him to sign checks for her.
2. GARNISHMENT—*of wife's money by husband's creditor.* Where the legal title to money on deposit in a bank is in a wife it cannot be garnisheed by a judgment creditor of her husband.

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and judgment here. Opinion originally filed October 1, 1912. Rehearing denied and opinion modified and refiled November 12, 1912.

A. M. McCONOUGHEY, for plaintiff in error.

ROBERT C. FERGUS, for defendants in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Garnishment suit was brought by the defendants in error against the First National Bank of Chicago, as garnishee. The affidavit upon which the writ was issued alleged that the First National Bank of Chicago was indebted to Samuel A. Kean, "Samuel A. Kean doing business in the name of Anna R. Kean, Annie Kean, A. R. Kean." The answer alleges that the garnishee was indebted to Anna R. Kean upon a checking account in the sum of $245.61; that so far as the garnishee was informed and knew, the property was the absolute property of said Anna R. Kean, and that Samuel A. Kean had no interest whatsoever in said fund. From answers to interrogatories it appears that

checks were made against the account of Samuel A. Kean, acting as attorney in fact for Anna R. Kean, who was his wife. Anna R. Kean intervened in the suit under the statute. There was a hearing before the court without a jury. The court found the issues as to the claims to the funds in the hands of the garnishee in favor of the plaintiff, entered judgment on the finding as to the claim of Mrs. Kean, as intervenor to the funds in the hands of the garnishee "that the right therein was in the plaintiff." Judgment was thereupon entered against the garnishee upon its answer.

It was claimed in behalf of Mrs. Kean upon the trial that the fund in the hands of the bank at the time the garnishment process was served arose out of the sale of certain soldiers' additional homestead scrip belonging to her, covering 200 acres of land. A sale of this scrip was effected by her attorney, if his testimony is to be believed, for $3,000, and of this amount $1,250 was deposited in the bank to her account. It would appear that when the scrip was sold a draft was made by the firm of S. A. Kean & Co. and the assignment of the scrip attached to the same. It was testified to by the attorney, and we find no denial of it in the record, that this was by mistake. The proceeds of the draft were credited to the account of S. A. Kean & Co. at the National City Bank of Chicago. Thereafter two checks were made by S. A. Kean & Co., one to the First National Bank for $500, and another to Anna R. Kean for the sum of $750. Both of these checks were deposited and credited to her account in the First National Bank. It appeared that most of the money so deposited was checked out in payment of sundry accounts owing by S. A. Kean or S. A. Kean & Co., the checks being signed by Mr. Kean under his power of attorney. The trial court evidently concluded from this state of facts that the deposit, although in the name of Anna R. Kean, in fact

belonged to S. A. Kean. We are unable to agree with it in this respect. If the deposit in the bank of the garnishee actually belonged to Mrs. Kean, as we think the proof indisputably shows, she would have a perfect right to use the same in paying her husband's debts. It would also be proper for her, if she so chose, to allow him, for this purpose, to sign the checks for her. In any event, the legal title to the credit was in her and not her husband, and could not be reached by garnishment. May v. Baker, 15 Ill. 89; Illinois Central R. R. v. Weaver, 54 Ill. 319; Webster v. Steele, 75 Ill. 544. Kean in his own name could not have prosecuted successfully a suit against the bank, and therefore one of his judgment creditors could not maintain garnishment proceedings under the authorities.

We think the court should have found in favor of Anna R. Kean, as intervenor, and that a judgment should have been entered discharging the garnishee upon its answer. Such finding will be made in this court and judgment entered here.

*Judgment reversed and judgment here.*