Robert Honore Brown, for Use of Clarence F. Buck as Receiver of Calumet National Bank of Chicago, Appellant, v. First National Bank of Chicago, Appellee.

Gen. No. 36,663.

Opinion filed July 5, 1933. Rehearing denied July 17, 1933.

GEORGE G. KING, for appellant Clarence F. Buck; CASPER M. MURPHY, of counsel.

AMBERG, OTT, DAHLIN & LIVINGSTON, for appellee First National Bank of Chicago; FRANK L. PAUL and ROBERT P. PERKAUS, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Clarence F. Buck, as receiver of the Calumet National Bank of Chicago, obtained a judgment by confession against Robert H. Brown for $1,767.82, and after the return of an execution unsatisfied brought garnishment against the First National Bank of Chicago. At the close of the plaintiff's evidence the garnishee was discharged and Buck, the receiver, appeals.

The garnishee in its answer said that it had no property belonging to Brown; that it had in its banking department a deposit "in a joint account in the name of R. H. or Rose Brown," a sum sufficient to satisfy the judgment against Brown; that it had been notified that part of the fund on deposit was claimed to belong to Brown as receiver in five specified suits, four of which were pending in the superior court of Cook county and one in the circuit court of Cook county, and specifying the amount of money claimed in each case, the total being $1,907.36, and that the balance of the deposit was claimed to be the property of Rose Brown.

Plaintiff offered evidence to the effect that the account in the bank of "R. H. or Rose Brown" showed a balance of $3,342.65, and that the agreement made with the bank was "that all deposits in this account or any part thereof, or any interest or dividend thereon, may be paid to any one of the undersigned, whether the other or others be living or not, on the receipt or acquittance of any of the undersigned." This was signed by R. H. Brown and Rose Brown. At the conclusion of this evidence the court, on motion, discharged the garnishee and plaintiff appeals.

Plaintiff contends that the relation between R. H. Brown and Rose Brown, his wife, with the National Bank, the garnishee, was contractual and that under

the terms of the contract either R. H. Brown or Rose Brown was entitled to withdraw any or all of the fund. We think this contention must be sustained and that either R. H. Brown or Rose Brown could draw out all of the fund. *Landretto v. First Trust & Savings Bank,* 333 Ill. 442. But this fact would not warrant the conclusion that plaintiff was entitled to a judgment against the garnishee if part of the money on deposit belonged to R. H. Brown, as receiver in the five cases mentioned, and part to Rose Brown, his wife. The only money that could be subject to the payment of the judgment against Brown would be his own money.

In the *Landretto* case, which was a divorce suit, there was an account on deposit with the First Trust and Savings Bank of Chicago in the name of "Lizzie or Sam Landretto," and any part or all of the account was payable to either. All of the money was drawn out by Sam, and it was contended that this did not relieve the bank from liability, but the contention was denied. The court there said (pp. 448–449): "Joint bank accounts are not uncommon. The question here presented is uncommon so far as precedents disclose. The right to draw and the duty to pay checks against the account rests upon contract. It does not depend upon the ownership of the fund. No case like it has been cited and none has been found. It is elementary doctrine, often repeated, that the agreement of parties is the law governing their rights unless contrary to some rule of positive law or principle of public policy. When the Landrettos deposited the money they signed the agreement, without which the deposit would not have been accepted. They are bound by it as between themselves and between them and the bank."

In the instant case the money involved was not withdrawn but is still in the bank and the question presented in the *Landretto* case is not at all similar to the question before us. In that case it was held that the contract between the bank and the Landrettos was binding

"as between themselves and between them and the bank." So, in the instant case, the contract between the Browns and the bank was binding between themselves and the bank, but that question is in no way involved here.

A garnishment proceeding brought on the law side of the court is a statutory proceeding and in its nature equitable. *Byers v. Illinois Trust & Savings Bank,* 146 Ill. App. 592; *Obergfell v. Booth,* 218 Ill. App. 492; see, also, especially secs. 13 and 24, Garnishment act, Cahill's Statutes.

In *Frerk v. Bayor,* 220 Ill. App. 568 (abstract opinion), it appears from the opinion filed in that case that plaintiff had a judgment against William A. Bayor and a bank was garnisheed in which there was a deposit in the name of William A. Bayor and Grace E. Bayor, husband and wife, and it was sought to reach this account by garnishment to satisfy a judgment against the husband. The evidence showed that the money in the bank was the exclusive property of the wife and it was held that the account could not be garnisheed to satisfy a judgment obtained against her husband, citing *Kean v. Kean,* 172 Ill. App. 183; *May v. Baker,* 15 Ill. 89, and other cases.

In the instant case when plaintiff proved that the account in the bank was in the name of R. H. or Rose Brown, he did not make out a *prima facie* case that the money belonged to R. H. Brown, the judgment debtor, and this being all the evidence offered, the judgment discharging the garnishee must be affirmed.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*