Citizens National Bank of Chicago, Plaintiff-Appellant,
v. Martin Grossman and Chicago National Bank,
as Trustee Under Trust No. 14984, Defendants-
Appellees.

Gen. Nos. 47,661, 47,693.

First District, Second Division.
May 26, 1959.
Released for publication June 23, 1959.

Edgar A. Blumenfeld, of Chicago (Edgar A. Blumenfeld, Philip M. Bloom, of counsel) for plaintiff-appellant.

No brief filed for appellees.

JUSTICE KILEY delivered the opinion of the court.
This is a garnishment proceeding. The court denied plaintiff's motion for a receiver and discharged the garnishee. Plaintiff seeks to appeal in No. 47661 under Sec. 78 of the C.P.A. (Ch. 110, Ill. Rev. Stat. 1957) the "interlocutory order" denying his motion for a receiver. That appeal was consolidated in this court with No. 47693, plaintiff's appeal from the order discharging the garnishee. The garnishee has filed no brief.

The garnishee at the trial answered that it did not have "any . . . money . . . credits and effects" of the judgment creditor in its "possession, custody or charge." A hearing on the answer was set for September 2, 1958.

Plaintiff, on July 25, caused a subpoena duces tecum to issue for the production of "all deeds, papers, and records relating to . . . Trust #14984." The subpoena was served and return duly made. On September 2 an order was entered "Subpoena filed and continued to September 9," then from that time to October 30, 1958. The record does not show what disposition was made of the subpoena.

On October 30, the day on which the hearing on the subpoena was to be held, plaintiff filed his motion for a receiver, under Sec. 24 of the Garnishment Act (Ch. 62, Ill. Rev. Stat. 1957), stating that at a hearing on September 2 the records produced under the subpoena showed the judgment debtor was beneficiary under the Trust. It prayed for a receiver to take "possession, sell, collect or otherwise dispose" of the beneficial interest. The motion was denied.

The question presented in appeal No. 47661 is whether the Municipal Court had the power under Sec. 24 of the Garnishment Act to appoint a receiver. We need not decide this question because in the same order denying the motion for a receiver the court ordered the garnishee discharged, and appointment of a receiver simultaneously with final disposition would be absurd.

The validity of the final order discharging the garnishee is the issue in appeal No. 47693.

The presumption is in favor of the validity of the order. This presumption prevails until the party appealing shows that there was no justification for the judgment. That showing has not been made by plaintiff. The presumption is that the garnishee's answer "No funds" was upheld. There is nothing to show that plaintiff proved that the judgment debtor was, at the time the garnishee summons was served, the holder of any money, credits or interest such as was alleged in plaintiff's motion, or that if it were that

574

there was anything due or owing the judgment debtor at the time the garnishee summons was served.

The Garnishment Act is to be strictly interpreted, National Home v. American Nat. Bank & Trust Co., 16 Ill.App.2d 111. The defendant Bank owes no debt to the judgment debtor that could be enforced in an action at law in his own name; and equitable claims the debtor may have are not within the purview of the Garnishment statute, Webster v. Steele, 75 Ill. 544, Bras v. McKinstry, 163 Ill. App. 508. The alleged beneficial interests of the judgment debtor are not proper subjects of garnishment.

We think the order discharging the garnishee was justified. The order denying the motion for a receiver and discharging the garnishee is affirmed.

Affirmed.

LEWE, P. J. and MURPHY, J., concur.